(79 N. W. Rep. 336.)

---

## ERNEST MARES *vs.* HARRY WORMINGTON, *et al.*

, Opinion filed May 9, 1899.

### Amendment of Complaint Improperly Allowed.

In an equitable action originally brought for the sole purpose of foreclosing a seed lien upon a crop of wheat raised by the defendant Wormington, the trial court, at the close of the evidence, and against the · objection of counsel, permitted the plaintiff to file an amended complaint, in which it was alleged, as a second and new cause of action, that the defendants, acting jointly, 'had unlawfully converted the grain upon which the plaintiff claimed to have a seed lien, and asked for a money judgment for damages for such alleged conversion. *Held,* that the amendment was improperly allowed, and was prejudicial error. The new cause of action sounded in tort, and did not belong in the same class with the original cause of action, and hence was improperly united in the same complaint with the original cause of action..

### Improper Joinder of Causes of Action—Demurrer.

A demurrer to the amended complaint upon the ground that two causes of action were improperly united therein was overruled. *Held,* that the ruling was error.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Ernest Mares against Harry Wormington and others. Judgment for plaintiff, and defendant Ernest C. Eddie appeals. Reversed as to him, with directions to dismiss.

*Benton, Lovell & Bradley,* for appellant.

The court had no authority under § 5297, Rev. Codes, to allow an amendment setting up a new cause of action, to correspond with the proofs. Such is the holding under similar statutes. *St. Louis, etc. Ry. Co.* v. *Dodd,* 27 S. W. Rep. 227; *Miles* v. *Van Horn,* 17 Ind. 245; *Shropshire* v. *Kennedy,* 84 Ind. 111; *Sweeter* v. *Hartwick,* 25 N. W. Rep. 744; *Smith* v. *Bogenschutz,* 19 S. W.. Rep. 667; *Bruns* v. *Schieber,* 51 N. W. Rep. 120; *Egert* v. *Wecker,* 10 How. Pr. 193; Southwick v. *Bank,* 84 N. Y. 420; *Cumber* v. *Schoonfeld,* 12 N. Y. Supp. 282; *Button* v. *Steam Tow Boat Line,* 40 Hun. 422; *Robbins* v. *Harris,* 2 S. E. Rep. 70; *Spice* v. *Steinruck,* 14 Ohio St. 213; *Stevens* v. *Brooks,* 23 Wis. 196. The cause of action for the establishment and foreclosure of plaintiff's lien could not in the face of a demurrer be joined with an action for conversion. Pomeroy's Rem. § 473, 474 and 475; *Cobb* v. *Dows,* 9 Barb. 230; *Colwell* v. *Ry. Co.,* 9 How.

Pr. 311; *Hoagland* v. *Ry. Co.*, 39 .Mo. 451; *Hunter* v. *Powell*, 13 How. Pr. 221; *Thompson* v. *Bank*, 61 How. Pr. 163; *McDonald* v. *Kountze*, 58 How. Pr. 152; 1 Enc. Pl. & Pr. 195.; *New York & N. W. R. Co.* v. *Schuyler*, 17 N. Y. 592, 604.

*Smith Stimmel*, for respondent, cited *Butler* v. *Barnes*, 12 L. R. A. 273, *Paddock* v. *Somes*, 10 L. R. A. 254; *Fuchs* v. *Meisel*, 32 L. R. A. 92; *Corcoran* v. *Mannering*, 41 N. Y. Supp. 1090; *Fairbanks* v. *San Francisco*, 47 Pac. Rep. 450; *Eagle Iron Wks.* v. *DesMoines R. Co.*, 70 N. W. Rep. 193; *N. W. Ry. Co.* v. *Prior*, 70 N. W. Rep. 869.

WALLIN,, J.   The essential facts in this case, as disclosed by the record, are as follows:   The complaint, before its amendment, as hereafter stated, embodied a single cause of action for equitable relief.   Its statements of fact had reference only to a seed lien claimed by the plaintiff upon a crop of wheat raised by the defendant Wormington in 1892 upon two tracts of land in Cass county, situated some miles apart.   The only reference made in the original complaint to the defendants Lynch and Eddie is embraced in the following language: "That the defendants Ernest C. Eddie and Frank Lynch have, or claim to have, some interest in or lien upon the crop grown upon the lands above described for the year 1892, as aforesaid, or some part thereof, which interest or lien, if any, is subsequent to the plaintiff's said lien; that said defendants Eddie and Lynch have taken possession of said crop of wheat, claiming to hold under their said lien or interest."   Among other features of the prayer of this complaint, the plaintiff asked as follows: "That said grain, or so much thereof as may be necessary for the purpose, be sold to satisfy said lien."   And further: "That the lien or interest of each of said defendants Ernest C. Eddie and Frank Lynch be adjudged to be subsequent and inferior to plaintiff's said lien." To this complaint the defendants Wormington and Lynch answered jointly by a general denial, and the defendant Eddie answered separately to the same effect.   Upon the issues so joined a trial was had without a jury, at which the plaintiff offered testimony in support of the allegations of the complaint, and the defendants Wormington and Lynch offered evidence in support of their defense.   At the close of the evidence, and before findings were filed, the plaintiff filed an amended complaint, upon which the trial judge indorsed the following order: "This amended complaint is this day filed by leave of the court, before the settlement of the findings, in furtherance of justice, and in order that the facts alleged may conform to the proof offered at the trial, to all of which defendants, by their counsel, object and except, which exception is allowed, and made a part of the record.   And now at this time, and before the findings are signed and settled, the court offered counsel for the defendants Eddie and Lynch the right to answer the amended complaint of plaintiff, and to submit any testimony or proof they may have growing out of this amended form of the pleadings, and to this end offers to adjourn the case a reasonable time to allow the defendants to

submit such proof. Done in open court, this 6th day of August, 1898." The amended complaint incorporated a second cause of action, the material part of which is set out in the following language: "That when said wheat was threshed in the fall of 1892, as aforesaid, the defendants, then being in possesion of said wheat, unlawfully converted and disposed of the same to their own use, to the damage of the plaintiff in the sum of $295.20, with interest thereon at the rate of seven per cent. per annum from the 15th day of October, 1892." In this complaint, among other things prayed for, was a money judgment against all the defendants jointly for the amount above stated. To the second cause of action as stated in the amended complaint the defendant Eddie interposed a separate demurrer upon the grounds: (1) That there is a defect of parties defendant; (2) that several causes of action have been improperly united; (3) that the complaint—*i. e.* the alleged second cause of action—does not state facts sufficient to constitute a cause of action. The trial court overruled this demurrer, and the defendant Eddie elected to stand on the demurrer; whereupon the trial court, after making and filing its findings, entered judgment for the plaintiff. The defendant Eddie appeals to this Court from the judgment and from the order overruling the demurrer. The judgment against Wormington was for the sum of $295.20, with interest; the judgment against Lynch was for $85.95, with interest; and Eddie was mulcted to the amount of $123.30, with interest. Costs were adjudged against all the defendants in the sum of $72.50.

We notice here that one reason given by the court below for allowing the complaint to be amended was to make it conform to the facts proved. The evidence was undisputed, and established the following facts: First, in 1892, the defendant Wormington raised a crop of wheat upon two quarter sections of land in Cass county, and upon which crops the plaintiff had a seed lien. The defendant Lynch was interested as part owner in one of the tracts, and the defendant Eddie was the agent of the administrator of an estate to which the other tract had once belonged, but the same had been previously sold to defendant Wormington on the crop-payment plan. The defendant Wormington, after threshing the crop, turned over to Lynch portions thereof by loading the same in cars, and shipping it to Lynch at Duluth, Minn.; and he also shipped to Eddie, at Duluth, a certain other part of said crop; but these shipments were made at different times, and were wholly independent of each other, and there was no community of interest as between defendants Lynch and Eddie, but, on the contrary, their claims upon the wheat were wholly distinct from each other, and neither had anything to do with the grain shipped to the other. Nor does it appear that they have any common interest in either of the two parcels of land upon which the grain was grown. Under such circumstances the act of Eddie in receiving the grain which he received at Duluth, and which was grown upon the land for which he was agent, was his own act, and, if it was an unlawful act as against the plain-

tiff, it was his individual wrong, and the defendant Lynch was not, as to such wrong, a joint wrongdoer. The same is equally true with respect to the grain shipped to Lynch. As to such shipment, Eddie is not a joint wrongdoer, if it was a wrong. It is manifest. from this statement that the new cause of action, as stated in the amended complaint, is entirely erroneous in its averment of fact. It does not conform to the evidence, in that it sets up a joint conversion of the wheat, whereas the undisputed evidence shows that there was no joint conversion of the wheat as between Lynch and Eddie, who, it appears, did not at any time act in concert. If the second cause of action had been framed to meet the evidence, the amendment would have been demurrable upon its face for an improper joinder of parties defendant. Under the evidence, Lynch would be an improper party as to Eddie's individual tort, and Eddie could not be lawfully made a co-defendant as to the independent tort of Lynch. But it is manifest from the terms of the order allowing the amendment that the trial court did not have in mind merely a formal amendment of the pleading to conform the same to evidence already offered. The court, on the contrary, expressly permitted the defendants Lynch and Eddie to answer the amended complaint, and offer evidence in its support, if they saw fit to do so. This ruling undoubtedly opened the case for all purposes, and contemplated a trial upon new issues raised upon the averments of the amended complaint. In our judgment, the trial court exceeded its authority in permitting an entirely new cause of action to be set out in the complaint by way of an amendment. Under the original complaint neither of the defendants would have been entitled to a jury trial, and they were guilty of no laches in going to trial upon the original complaint without demanding a jury. The only relief originally asked was equitable relief, and as to Lynch and Eddie the plaintiff asked only that their alleged liens upon the crop be adjudged inferior to the plaintiff's seed lien. They answered, denying that they had liens on the crop, and the evidence disclosed none in their favor. But under the amended complaint a radical change was wrought in the essential character and objects of the action. The new complaint set out a joint tort committed by all the defendants by a conversion of the crop in question. This allegation set out a cause of action at law for a tort and one for damages only. Under it all parties would be entitled to a trial by jury, and the matter of the seed lien would cut no figure, except for the purpose of showing that the plaintiff was in a position to sue in conversion for damages. In brief, the alleged new cause of action was not simply new, it was radically different in its nature and objects, and also in its mode of trial. It is true that the authorities are not entirely harmonious upon the point, but the decided weight of the cases, and, we think, the better reason, is against allowing an entirely new cause of action to be set up by way of an amendment to a complaint. · This could never be done, either at common law or in the chancery practice. See Bliss, Code Pl. §

429. The power of amendment has been much enlarged by statute, but the power is nevertheless limited, and cannot be arbitrarily exercised. A new and distinct cause of action cannot be thrust into a complaint by amendment. See *Reeder* v. *Sayre,* 70 N. Y. 190; *Button* v. *Towboat Line,* 40 Hun. 422; *Davis* v. *Insurance Co.* (Iowa) 25 N. W. Rep. 745; *Burns* v. *Schreiber* (Minn.) 51 N. W. Rep. 120. See authorities as collated in 1 Enc. Pl. & Prac. pp. 548, 549. In this case counsel objected and took exception to the order allowing the amendment. This protest of counsel appearing of record on the face of the judgment roll, we would feel at liberty to reverse the judgment for that reason alone, aside from any question arising upon the demurrer. But the amended complaint was demurrable. It assumed to join in the complaint a cause of action for a tort with a purely equitable cause of action. The first count relates wholly to a seed lien and its foreclosure, while the second alleges a tort pure and simple. These causes of action are not such as belong to the same class, and hence cannot be united in the same complaint. See Rev. Codes, § 5291. We are unable to see why this action was commenced. It was instituted some four years after the grain on which the plaintiff claimed a lien had been shipped out of the state. The lien could not then be foreclosed by a sale of the subject matter. An action for damages could then have been maintained against all persons who wrongfully interfered with the wheat to plaintiff's damage, and in such action the plaintiff could have shown the fact that he had a lien as a basis of recovery for any conversion of the wheat. The defendants Lynch and Eddie, not having possession of the grain when the action was commenced, and never having had a lien upon the same, were improper parties to an action brought only to foreclose the lien. It follows that the judgment of the court below, in so far as it is a judgment against the defendant Ernest C. Eddie, must be reversed, and the trial court is directed to dismiss the action as to him. All the judges concurring.