[Civil No. 1615.   Filed December 14, 1918.]

[176 Pac. 572.]

CONTINENTAL SECURITIES COMPANY, a Corporation, Appellant, v. THE YUMA NATIONAL BANK, Appellee.

1. Action—Cure of Misjoinder.—Misjoinder of two causes of action is not excused by the fact that such causes of action are incongruous, blended and commingled.

2. Action—Misjoinder—Causes of Action—Torts.—Under Civil Code of Arizona of 1913, paragraph 427, a cause of action on a promissory note and foreclosure of chattel mortgage was improperly joined with a cause of action to enjoin a defendant, who is not a party to the mortgage and who has taken possession of mortgaged goods, from disposing of such goods, and with an action to replevy the goods; such cause of action being in tort.

3. Action—Misjoinder of Defendants.—In order that causes of action against several defendants may be joined, they must affect all the defendants.

APPEAL from a judgment of the Superior Court of the county of Yuma. Frank Baxter, Judge. Reversed and remanded.

Mr. Milton K. Young and Mr. C. A. Lindeman, for Appellant.

Mr. Thomas D. Molloy, for Appellee.

JOHN WILSON ROSS, J.—This is an appeal from a judgment rendered in the superior court of Yuma county, wherein the plaintiff is appellee here, and the Continental Securities Company is appellant. In the original complaint the Yuma National Bank is named as plaintiff, and the Yuma Electric & Water Company, H. W. Blaisdell and the Continental Securities Company are named as defendants. The same parties are plaintiff and defendant, respectively, in the amended complaint.

The amended complaint was filed on the twenty-fifth day of November, 1916, and shows an action brought to obtain judgment against the defendants Yuma Electric & Water

Company and H. W. Blaisdell, for the sum of $1,300 upon a promissory note executed by the Yuma Electric & Water Company and indorsed by said Blaisdell, and to recover $550 attorney's fees, and to enjoin the defendant Continental Securities Company from taking possession of a crop of oranges and grapefruit upon the land described in said amended complaint; and it was further alleged that the plaintiff had sued out a writ of replevin and caused the sheriff to take possession of said property, and that the same was retaken by the defendant Continental Securities Company.

To determine the sufficiency of plaintiff's amended complaint and the demands therein made, herewith is inserted in full the following numbered paragraphs thereof, to wit:

"(2) That on February 15, 1916, the defendant Yuma Electric & Water Company executed and delivered to the plaintiff its promissory note in writing, whereby it promised and agreed to pay to the plaintiff the sum of $1,600.00 with interest thereon at the rate of 10 per cent. per annum from date until paid, on demand; which said note was made payable according to its terms, at the option of the holder, at the rate of $100 weekly. . . .

"(8) That to secure the payment of the principal sum and interest of said promissory note, and attorney's fees as hereinafter set forth, according to its tenor and effect, the defendant H. W. Blaisdell mortgaged to the plaintiff the following described chattels and personal property belonging to him, the said Blaisdell, on the 15th day of February, 1916, by a good and sufficient instrument in writing, duly executed and delivered by the defendant Blaisdell to the plaintiff, and which said instrument was duly acknowledged and certified for record, and the said mortgagor and mortgagee duly made affidavit that said mortgage was *bona fide* and made without any design to defraud or delay creditors, which said affidavit was attached to said mortgage; and the same was duly and forthwith deposited and filed with the county recorder of Yuma county, state of Arizona, where the said chattels and personal property was then, and now is situate, and a minute of the said mortgage was duly made by said recorder in book kept by him for that purpose, to wit, Book 5 of Chattel Mortgages, p. 21. . . .

"(11) That the defendant Continental Securities Company has entered into possession of said Yuma Heights Fruit

Farm, the land belonging to the defendant Blaisdell in said sections 28 and 33, and has unlawfully and without right taken possession of said mortgaged crop of fruit and is now in the possession of the same, and is picking and taking the same from the trees on said fruit-farm, and is engaged in shipping said mortgaged fruit out of the state of Arizona, to the great and irreparable injury of the plaintiff. . . .

"(13) That as plaintiff is informed and believes, and therefore alleges, the defendants Yuma Electric & Water Company and H. W. Blaisdell are both insolvent, and unless the plaintiff can reduce said mortgaged crop to its possession and disposes of the same, and applies the proceeds to the satisfaction of said note and mortgage, the principal sum and interest due on said note will be a total loss and plaintiff will be irreparably injured. . . .

"(14) That through and by a clerical error and mistake of the draftsman who prepared said mortgage, and contrary to the intent and agreement of the parties thereto at the time the same was executed and delivered, the said mortgage was incorrectly and wrongly drafted and written by there being omitted therefrom, in the description of the mortgaged property, and immediately following the following phrase and words, to wit, 'All the crops now grown and to be grown,' the words, 'during the season 1916'; when the true intent of the parties to said mortgage was that said portion thereof should read: 'All the crop now growing and to be grown during the season of 1916 on what is known as the Yuma Heights Fruit Farm, near Yuma, Yuma county, state of Arizona; this crop consisting mainly of oranges, lemons, and grapefruit.' And through and by the same cause the said mortgage was, contrary to the intent and agreement of the parties thereto, also incorrectly and wrongly drafted and written by inserting therein in the defeasance and mortgage clause thereof, a recital that the promissory note secured and the principal sum of which, in the sum of $1,600.00 was to be paid, had been executed by Yuma Electric & Water Company by and through H. W. Blaisdell, its president, and indorsed before delivery by said H. W. Blaisdell; and in justice and equity said mortgage should be reformed to conform to the true agreement and intent of the parties thereto. . . .

"(15) That since the institution of this suit, plaintiff sued out a writ of replevin as an ancillary and provisional remedy

herein, and caused the sheriff to take possession of said mortgaged property (which said property was then of the value of $2,000.00), whereupon the defendant, Continental Securities Company, retook possession thereof by means of a replevin bond as provided by law, with American Surety Company as its surety, as will more fully appear from the files of this case, whereby the said defendant Continental Securities Company and its said surety became obligated under the penalty of the sum of $4,000.00 to return and redeliver the possession of said mortgaged property to the plaintiff, if redelivery be adjudged; that the said Continental Securities has also already removed all of said mortgaged property out of the jurisdiction of this court, and so disposed of it as to render it impossible for plaintiff to enforce its lien thereon; and plaintiff will be compelled to, and does hereby elect to, take the assessed value of said mortgaged and replevined property, in lieu thereof, and will be compelled to take judgment against said Continental Securities Company and its surety, the American Surety Company.''

The defendant Continental Securities Company interposed special demurrers for misjoinder of parties defendant and for misjoinder of causes of action, all of which demurrers were by the court overruled. Judgment was entered by default on the sixteenth day of January, 1917, in favor of the plaintiff and against the defendants, Yuma Electric & Water Company and H. W. Blaisdell, for the sum of $1,369.00, and $400 attorney's fees; and on the twenty-seventh day of February, 1917, after trial and findings of fact, judgment was made and entered in favor of plaintiff and against defendant Continental Securities Company and its surety, American Surety Company, of New York, for $1,582.72, with interest at the rate of 10 per cent per annum on $1,382.72.

The question to be determined in this case is: Is there a misjoinder of causes of action and a misjoinder of parties defendant in the amended complaint?

The amended complaint shows upon its face at least two causes of action joined in one complaint; these causes of action are incongruous, blended and commingled, yet that fact cannot cure the defect of misjoinder of parties defendant and misjoinder of causes of action. The cause of action on promissory note and foreclosure of chattel mortgage is an action arising in contract, and the cause of action in para-

graph 11 of said amended complaint against the Continental Securities Company is an action arising in tort. Replevin is also an action in tort. The Arizona Civil Code of 1913, paragraph 427, prohibits the joining of actions on contract and actions in tort. The law is positive in forbidding the misjoinder of causes of action. "A misjoinder of causes of action is a joinder of causes belonging to different classes, such as contract and tort." 1 C. J. 1072. The rule is further laid down as to joinder of causes of action in the following language:

"In order that causes of action against several defendants may be joined, they must affect all the defendants. Distinct causes of action against the defendants cannot be joined, although in favor of the same plaintiff; nor can a cause of action upon which defendants are jointly liable be joined with one upon which one of the defendants alone is liable." 1 C. J. 1072.

Where the Code classifies causes of action that may not be joined, such classification is binding upon the court.

In *Mares* v. *Wormington et al.*, 8 N. D. 329, 79 N. W. 441, is found a case in point as to the misjoinder of causes of action. This case was brought for the sole purpose of foreclosing a seed lien upon a crop of wheat. The court permitted an amended complaint to be filed, in which it was alleged, as a second and new cause of action, that the defendant unlawfully converted the grain upon which plaintiff claimed to have a seed lien, and asked for a money judgment for damages for such alleged conversion. To the second cause of action as stated in the amended complaint, one of the defendants interposed a separate demurrer upon the grounds: (1) That there is a defect of parties defendant; (2) that several causes of action have been improperly united. The trial court overruled the demurrer. The court says:

"But the amended complaint was demurrable. It assumed to join in the complaint a cause of action for a tort with a purely equitable cause of action. The first count relates wholly to a seed lien and its foreclosure, while the second alleges a tort pure and simple. These causes of action are not such as belong to the same class, and hence cannot be united in the same complaint."

The special demurrers of appellant Continental Securities Company should have been sustained, as the amended com-

plaint shows, upon its face, a misjoinder of causes of action as well as a misjoinder of parties defendant.

In view of the conclusions herein, it will not be necessary to determine the other points raised by the learned counsel in their briefs. The judgment of the lower court is reversed and this case is remanded, with directions that proceedings be had not inconsistent with this opinion.

HENRY D. ROSS, J., concurs.

CUNNINGHAM, C. J. (Dissenting).—I do not concur in the decision of the majority of the court, but dissent for the reasons following:

The original complaint, briefly described, sets forth with much particularity of detail and recital the following facts: The execution of a promissory note by Yuma Electric & Water Company and H. W. Blaisdell as indorser before delivery, dated the fifteenth day of February, 1916, payable to plaintiff bank on demand in the sum of $1,600 with interest from date at the rate of 10 per cent per annum, and a promise to pay the additional sum, reasonable in amount, as an attorney's fee on condition an attorney should be employed to make collection. Plaintiff also admits that the sum of $300 had been paid on the principal, and the sum of $51.80 had been paid on the interest, leaving a balance due of $1,300 with interest. Plaintiff further alleges, in substance, that it is the owner and holder of said note, and that on the twenty-fifth day of October, due demand for payment was made on the Yuma Electric & Water Company, and payment was refused by said defendant; thereupon plaintiff immediately notified the said indorser, Blaisdell, of such nonpayment, but that no part of the sum due on said note has been paid except as aforesaid; that plaintiff employed an attorney to enforce payment of the said note; and that a reasonable attorney's fee for the enforcement of such collection is the sum of $350.

To secure the payment of said principal and interest of said promissory note, according to its tenor and effect, the defendant H. W. Blaisdell mortgaged to the plaintiff:

"All the crop now growing and to be grown on what is known as the Yuma Heights Fruit Farm, in Yuma county, state of Arizona; this crop consisting mainly of oranges, lemons and grapefruit, and being the crop of fruit for the

year 1916 growing and to be grown during said year on the lands belonging to the said H. W. Blaisdell. . . . ''

That said mortgage provided for the payment of an attorney's fee in the sum of $200, for the enforcement of the same, ''and that in the event of the nonpayment of the principal and interest due, or to become due, on said promissory note, the mortgage, according to its tenor and effect, the mortgagee, the plaintiff herein, might take possession of the mortgaged property and dispose of the same and apply the proceeds to the payment of said note, the attorneys' fee and the cost of such taking.'' That said mortgage was duly executed and filed in the proper recorder's office forthwith—all as required by law.

''That default has been made in the payment of said promissory note, as aforesaid, and the covenants and agreements of said mortgage have been broken by said Blaisdell, and the plaintiff desires, and has undertaken to take possession of said mortgaged fruit crop, but has been unable to secure such possession, except a small portion thereof; that the Continental Securities Company has entered into possession of said Yuma Heights Farm, the land belonging to H. W. Blaisdell, . . . and has unlawfully and without right taken possession of said mortgaged crop of fruit, and is now in possession, is picking and taking the same from the trees, . . . and is engaged in shipping said mortgaged fruit out of the state of Arizona, . . . and plaintiff can only get possession of said crop of mortgaged fruit by resort to physical violence and force . . . unless this court restrains the said Continental Securities Company . . . from resisting plaintiff's efforts to secure possession of said crop.''

That the defendants Yuma Electric & Water Company and H. W. Blaisdell are, to the plaintiff's information and belief, insolvent, and, ''unless the plaintiff can reduce said mortgaged crop to its possession and disposes of the same and applies the proceeds to the satisfaction of said note and mortgage, the principal sum and interest due on said note will be a total loss and plaintiff will be irreparably injured.''

That through and by a clerical error and mistake, and contrary to the intent and agreement of the parties thereto at the time the same was executed and delivered, said mortgage was so written as to omit therefrom in the description of the mortgaged property the words, ''during the season of 1916,''

following the words, "all the crops now grown and to be grown," when the true intent of the parties to said mortgage was that said portion thereof should read "all the crops now growing and to be grown during the season of 1916 on what is known as the Yuma Heights Fruit Farm," etc., "this crop consisting mainly of oranges, lemons and grapefruit."

Thereupon followed a prayer for relief various in requests. The matter of relief will hereafter be noticed.

This complaint was filed November 11, 1916. On the same day the plaintiff filed a sufficient affidavit and bond in replevin, and procured a writ of replevin to be issued. The sheriff on the fourteenth day of November, 1916, returned the seizure of the fruit crop growing on the lands described, remaining unpicked on the trees, and returned that the defendant Continental Securities Company did, within two days after the seizure of said property, execute and deliver to the sheriff a good and sufficient bond payable to the plaintiff in a sum not less than double the value of the property as stated in the affidavit of the plaintiff. "I therefore redelivered the said property to the defendant Continental Securities Company." The bond referred to in said return is in form a redelivery bond in replevin proceedings, signed by the said defendant with American Surety Company of New York as surety thereon.

The plaintiff in its original complaint therefore claims the possession of specific personal property, and it has followed the procedure permitted and practiced by chapter 10 of title 6, Civil Code of Arizona of 1913, in an action in replevin to recover the possession of specific personal property.

On the twenty-fifth day of November, 1916, the plaintiff filed an amended pleading denominated "Amended and Supplemental Complaint." It restates the matters and things set forth in its original complaint preceding the prayer with no material change. Then follows a recital of the replevin procedure taken, referring to the files in this case for full facts, stating the result of such proceedings was and is to have the redelivery bond of the defendant Continental Securities Company, as surety for the property in case of a judgment for plaintiff, and alleging:

"That said Continental Securities Company has also already removed all of said mortgaged property out of the jurisdiction of the court and so disposed of it as to render it im-

possible for the plaintiff to enforce its lien thereon, and plaintiff will be compelled to, and does hereby elect to, take the assessed value of said mortgaged and replevined property in lieu thereof, and will be compelled to take judgment against said Continental Securities Company and its surety, the American Surety Company.''

The relief demanded by this complaint is a judgment against Yuma Electric & Water Company and H. W. Blaisdell for the sums due on the said note, principal, interest, attorney's fees and costs; a reformation of the mortgage in two particulars and as aforesaid, to be foreclosed; also, a judgment against the defendant Continental Securities Company and its surety for like amounts; and for general equitable relief. The defendant Continental Securities Company alone demurred upon the grounds of insufficient facts stated to constitute a cause of action at all, and particularly against it. It demurred specially alleging as grounds: First, a defect or misjoinder of parties defendant, because this defendant is joined with Yuma Electric & Water Company and H. W. Blaisdell in an action against said defendants on a note; second, it is joined with said defendants in an action against them to enforce a mortgage; and third, it is joined with said parties in an action against them to foreclose a mortgage, while the alleged cause of action attempted to be stated against this defendant is on a redelivery bond in replevin.

Also, this defendant specially demurred on the grounds that several causes of action have been improperly united, and are not separately stated in this: First, a cause of action on a promissory note has been improperly united with a cause of action to enforce a mortgage; second, an action on a note has been joined with an action to foreclose a mortgage; third, an action upon a note against Yuma Electric & Water Company and H. W. Blaisdell has been improperly united with a cause of action against defendants, Continental Securities Company and the American Surety Company on a redelivery bond in replevin; fourth, a cause of action to enforce a mortgage against Yuma Electric & Water Company and H. W. Blaisdell has been improperly united with a cause of action upon a redelivery bond in replevin against this defendant.

The demurrers general and special were overruled, and the cause proceeded to trial, and judgment for the plaintiff against the Continental Securities Company and the Ameri-

can Surety Company on the redelivery bond for the amount found due on the note and mortgage followed. The Continental Securities Company alone appeals from said judgment. On this appeal the appellant assigns as error: First, the order overruling said general demurrer and the order overruling said special demurrers; second, "the court erred in making its findings and judgment in favor of the plaintiff and in decreeing a reformation of the chattel mortgage"; third, "the court erred in not making findings and judgment in favor of the Continental Securities Company."

Appellant's discussion of the first assignment of error begins by stating that "the complaint in this case, being in equity, should have been verified, but the provisions of the statute in this regard are wholly ignored," citing as an authority for the proposition paragraph 477, Civil Code of Arizona of 1913. Said paragraph reads as follows:

"In all cases where equitable relief is prayed, if the party asking for such relief, or his agent or attorney, shall make oath that the allegations of the complaint or cross-complaint are true in substance and in fact, unless the oath be waived in the complaint, the answer of the opposite party shall be under oath and each one of the material allegations of the complaint which is not denied under oath shall be taken as confessed."

Clearly, such statute does not support the proposition for which it is cited, assuming that the amended and supplemental complaint sets forth a cause of action justifying equitable relief. The matter of verifying the complaint in such actions is left by the statute optional with the plaintiff, and, when plaintiff elects to proceed without verifying the complaint, the defendant is not injured but favored, thereby having a wider range of defense left open to him in answering.

The appellant contends that the original and amended complaint are subject to the special demurrer on the grounds of misjoinder of causes of action. This proposition is stated by the appellant as follows:

"The original complaint stated an equitable action for reformation of mortgage and foreclosure. The amended and supplemental complaint in addition thereto stated that the defendant Continental Securities Company had taken possession of the orange and grapefruit crop, and the taking of the property by the plaintiff under a replevin bond, and the

retaking by the defendant Continental Securities Company, under a bond executed by the American Surety Company, then made a codefendant, and by the prayer sought a money judgment on the note and equitable relief.''

If the complaint has any sufficient allegation upon which to base a judgment in replevin, then there is a violation of the above-mentioned paragraph of the Civil Code, in that an ''action *ex contractu* shall not be joined with an action *ex delicto.*'' The statute referred to is paragraph 427, Civil Code of Arizona of 1913, reading:

''Only such causes of action may be joined as are capable of the same character of relief. Actions *ex contractu* shall not be joined with actions *ex delicto.* . . . ''

By authority of paragraph 468, subdivision 5, Civil Code of Arizona of 1913, the defendant may demur to the complaint when it appears on the face thereof ''that several causes of action are improperly united.''

This contention requires a careful examination of the judgment rendered in this cause and the foundation of this appeal. The judgment is as follows (omitting formal recitations):

''The court does therefore order, adjudge, and decree as follows, to wit:

''(1) That the mortgage set forth in the amended complaint herein be reformed as prayed for therein, and that the said mortgage be and the same hereby foreclosed, as reformed.

''(2) That the mortgaged and replevined crop described in the amended complaint and in the affidavit and writ of replevin herein be delivered, by the defendant Continental Securities Company to the plaintiff; that such delivery being impossible, and the plaintiff having elected to take the assessed value thereof in lieu of the same, it is further ordered, adjudged, and decreed that:

''(3) That the assessed value of said mortgaged and replevined crop is the sum of $2,000, and the same is hereby assessed at the sum of $2,000.

''(4) That plaintiff has been damaged by the taking and detention of said mortgaged and replevined crop by the said Continental Securities Company, in the sum of $1,582.72 with interest on the sum of $1,382.72 at the rate of 10 per cent. per annum from date hereof until paid.

"(5) That the plaintiff, the Yuma National Bank, do have and recover of and from the defendant Continental Securities Company and its surety, American Surety Company of New York, the sum of $1,582.72 with interest on the sum of $1,382.72 at the rate of 10 per cent. per annum from date hereof till paid, and interest on the sum of $200 at the rate of 6 per cent. per annum from date hereof till paid, and the costs of this suit taxed at the sum of $43.10.

"Done in open court this 27th day of February, 1917."

The appellant, in its notice of appeal, limits its appeal in behalf of itself alone "and not in any manner for or on behalf of the other defendants in said action." The appeal is "from the judgment rendered in said court . . . on the twenty-seventh day of February, 1917, in favor of the above-named Yuma National Bank against the said defendant Continental Securities Company and from the whole thereof." The judgment from which the appeal is prosecuted is one that affects no party named in the record other than the plaintiff and the defendant Continental Securities Company with its surety on a redelivery bond in replevin. The notice of appeal limits the appeal to said judgment, expressly excluding all other parties, as this judgment has excluded from its operation all parties other than said plaintiff and said defendant with its said surety.

The appellant's statement above quoted of its contention limits its application to a misjoinder of an equitable action for reformation of a mortgage and a foreclosure of the mortgage set forth in the original complaint, and a cause of action against defendant and its surety to recover a money judgment on the note and equitable relief by reason of replevin procedure. The gist of appellant's contention and objection is that a cause of action in replevin is improperly joined with the action for reformation and foreclosure, and with an action for a money judgment.

Assuming that the plaintiff's statement of facts sets forth said different causes of action and unites them, as asserted by the appellant, then the appellant's objection must be sustained. Otherwise the objection must be rejected.

The court is never required to grant to a plaintiff the relief demanded in the prayer of his complaint—else the prayer would control the statement of facts. The relief demanded in the prayer can be granted only when the facts stated in the

complaint justify such relief.   This principle is illustrated by such a vast number of cases that it needs no further authorities in its support than the mere statement.

With regard to the statement of a cause of action for the reformation of the mortgage, it is only necessary to consider that matter in so far as this appellant is affected.   Clearly, no cause of action to reform the chattel mortgage is stated in the complaint against this appellant for the very evident reason the complaint on its face discloses that this appellant acquired all of its alleged claims to the property in question with constructive notice of the plaintiff's mortgage, as that instrument was written and filed, and therefore a reformation could not be given a retrospective effect so as to deprive appellant of any right which it had acquired prior to the date upon which the mortgage was reformed.

Of course, the facts stated that have any reference to a foreclosure of the mortgage, whether they relate to the notes secured by the mortgage, the conditions of the mortgage, or the breach of such conditions, would not state a cause of action for a foreclosure of such mortgage as against this appellant for the very evident reason, as appears from the face of the complaint, this appellant was never a party to such contract. Neither would the facts stated with regard to the reformation, or with regard to the foreclosure of the mortgage, justify any relief against this appellant, even though the plaintiff demanded such relief in the prayer of his complaint.   The facts stated in the complaint do state a cause of action in replevin, although such statement of facts is heavily burdened with surplusage.   The plaintiff states as facts that it is a mortgagee suing as such, seeking to recover specific personal property described in its mortgage, for the purpose of satisfying its lien against that property created by said mortgage.   Its property in said mortgaged goods is therefore a special property, and, in order to recover its possession, plaintiff is required to set forth in its complaint the facts showing its special ownership.   See note, Pomeroy, Code Remedies, p. 688, bottom, left column, for authorities.

In this complaint the facts set forth show that plaintiff's special ownership consists of a mortgage lien, to the extent of the balance due on the note, and its right to the possession of the mortgaged property arose from a breach of the mortgage conditions.   The extent of plaintiff's ownership in the

mortgaged goods is limited to the amount of the debt secured by the mortgage. Hence, the necessity of pleading the facts showing the amount of such debt. The matter of reforming the mortgage, as shown from the facts pleaded, does not, as claimed by the appellant, set forth a case against anyone for reformation. The pleading as it stands would amount to a request to the court to interpret the language used in the descriptive clause of the mortgage so as to include therein the fruit crop grown during the season of the year 1916 as the meaning to be given the words "to be grown" as used in the mortgage. The plaintiff seems to have had the impression that, because the descriptive words in the mortgage were ambiguous, it became necessary to reform the mortgage in order to remove the ambiguity. Such is not the use to be had by reformation; but, if written evidence of a fact required by law to be in writing is ambiguous, parol evidence may be, and frequently is, offered and received to remove the ambiguity, and such is the extent of the relief to which the plaintiff was entitled under the facts pleaded. The facts pleaded do not amount to a cause of action justifying the reformation of a mortgage, but they do amount to a request for the court to interpret an obscure description of property so as to include property claimed and alleged to have been included in a mortgage. A prayer for a certain relief gives no right to such demand. The mortgage description could not be reformed so as to include property not included in the description of the mortgaged property in the face of the mortgage so as to interfere with the intervening rights of the appellant, yet the obscure language used in the mortgage describing the property must be interpreted by the court and may be interpreted with the aid of explanatory evidence introduced for that purpose alone, which makes clear the meaning of the obscurity. Such may result without reformation and without regard to the date of intervening rights, if any. Clearly, the facts stated in the case are insufficient to constitute causes of action for foreclosure, or for reformation of a mortgage without regard to the prayer of the complaint. The record therefore fails to sustain appellant's contention in these respects.

The next feature of appellant's contention is that, "if the complaint has any sufficient allegations upon which to base a judgment in replevin," then the prayer seeking a money judgment on the note and equitable relief against appellant and

its surety, American Surety Company, because of the said re-delivery bond in replevin violates paragraph 427, Civil Code of Arizona of 1913, by improperly uniting an action *ex contractu,* that is an action on a bond, with an action *ex delicto,* that is an action in replevin.

Clearly, the facts stated are sufficient to set forth a cause of action in replevin.   Paragraph 1604, Rev. Stats. Ariz. 1913 (Civ. Code).

The portion of the complaint of which appellant complains as authorizing a money judgment against it and its surety, is contained in paragraph 15 of the amended and supplemental complaint quoted above.   This paragraph contains no direct allegation of facts, but is a mere communication informing the court that plaintiff had elected to take a money judgment in lieu of a judgment for the return of the property, because the defendant, having retained the possession of the property, had not the possession at the time, so that the return of the property by the defendant is impossible.   The entire paragraph is surplusage as a pleading, and has reference to the judgment recoverable in replevin, and not to the matter of stating a cause of action.

Paragraph 1614, Revised Statutes of Arizona of 1913 (Civil Code) is as follows:

"In all such cases (cases referred to in paragraph 1613) the defendant must elect whether he will take the amount assessed as the value of the property instead of the property, or the property instead of the amount so assessed as its value, and such election must be made by him in time to permit the plaintiff a reasonable time before the time specified in the judgment for the delivery of the property.   Such election may be made in open court, or by an instrument in writing, filed with the papers in the case."

Paragraph 1616 provides that:

"If the judgment shall be against the defendant, and at the time thereof he be in the possession of the property by reason of a forthcoming bond given by him whereby he retained the possession of the property, the judgment shall be against the defendant and the sureties on his bond for the assessed value of the property, the assessed damages for its detention and the costs of suit; and also for the return of the property to the plaintiff, at a time and place to be therein named, *and upon the same terms and conditions the plaintiff shall be*

*given the same election as is provided above shall be given to the defendant."*

Hence, said paragraph 15 of the supplemental complaint so called only performs the function of evidencing the plaintiff's election to take the assessed value of the property in lieu of a return.

In replevin by the mortgagee, in case a return of the property cannot be had, he is entitled to a judgment for the amount of the debt secured by the mortgage, which remains payable with interest and costs not in excess of the value of the property. 11 Corpus Juris, 619, § 328.

In *McNeff* v. *Southern Pacific Co.*, 61 Or. 22, 30, 120 Pac. 6, 9, the Oregon supreme court, with regard to a judgment in replevin, said:

"It is only because of conditions broken that the mortgagee has any property in the goods. He can only recover his own property, or in case recovery cannot be had he is entitled to only the judgment for the value of his property. This value is measured by the amount which would make him whole for what he has suffered by the breach of the conditions of the mortgage."

This is a just rule founded on reason, and is easy of application. I fully approve of this rule measuring recovery in such actions, conditions, and party. Under our statute, the recovery is enforced against the defendant and his surety on his redelivery bond.

The contention of appellant is without merit. A clear understanding of the complaint rejects the idea of more than one cause of action stated therein.

The parties Yuma Electric & Water Company and Blaisdell are not parties necessary, but they are proper for the evident reason of their connection with the property involved in the action.

No proper assignment of error is made other than above discussed. The attempted assignments of error are too general to present a question for review.

I am of the opinion that the judgment, upon the whole case, must be affirmed.