[Civil No. 1694. Filed November 28, 1919.]

[184 Pac. 1001.]

## THE SMITH STAGE COMPANY and THE WEST-ERN INDEMNITY COMPANY OF DALLAS, TEXAS, a Corporation, Appellants, v. WALTER ECKERT, Appellee.

1. ACTION—JOINDER OF CAUSES OF ACTION FOR CONTRACT AND TORT.— Under Civil Code of 1913, paragraph 427, providing that actions *ex contractu* shall not be joined with actions *ex delicto*, a cause of action against a stage company by a passenger for injuries through its negligence cannot be joined with a cause of action on an indemnity policy.

2. ACTION—JOINDER OF PARTIES HAVING DISTINCT LIABILITIES IM-PROPER.—In a passenger's action against a stage company for injuries from its negligence, it is improper to join a company which issued an indemnity policy; their liabilities being separate and distinct.

3. INSURANCE—IN ACTION ON INDEMNITY CONTRACTS, NECESSITY OF JUDGMENT AGAINST PRINCIPAL.—That an indemnity policy covering loss by reason of judgments against a stage company for injuries to passengers contains a clause inserted by order of the corporation commission providing that the policy was to inure to

---

2. Joinder of cause of action against party causing injury with cause of action against latter's insurer or indemnitor, note, 7 A. L. R. 1003.

3. Necessity for actual damage before recovery on indemnity contract, notes, 3 **Ann. Cas.** 480; **Ann. Cas.** 1913D, 1152.

the benefit of any and all persons suffering loss or damage, and that suit might be brought thereon in any court having jurisdiction, does not make it unnecessary for the person injured to first obtain judgment against the stage company before he can recover against the indemnity company on the policy.

4. CONTRACTS—SUCH CONSTRUCTION ADOPTED AS WILL HARMONIZE ENTIRE INSTRUMENT.—In construing a contract the court must adopt such construction as will harmonize all its parts, conflicting provisions to be reconciled by a reasonable interpretation in view of the entire instrument and the surrounding circumstances, a clause contributing most essentially to the contract being entitled to more consideration than one contributing less thereto.

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Reversed, with directions.

Mr. L. L. Henry and Messrs. Morris & Malott, for Appellants.

Mr. Hugh M. Foster, for Appellee.

ROSS, J.—The appellee, who was the plaintiff below, brought his action against the appellant, the Smith Stage Company, a common carrier by automobile, to recover damages for injuries he claims were negligently inflicted or caused by the stage company while he was its passenger, and joined as codefendant the Western Indemnity Company, alleging that the Western Indemnity Company insured the Smith Stage Company, and all passengers which the said Smith Stage Company might undertake to transport, during the life of the policy, in their said automobiles, and particularly insured the Smith Stage Company and said passengers against injury while said transportation was being made in a certain Hudson car (being the car upon which plaintiff was hurt); that the said policy contained the following provision:

"In consideration of the premium at which this policy is written, and in further consideration of the

acceptance by the Arizona Corporation Commission of this policy as a compliance with order No. ——, it is understood and agreed that, regardless of any of the conditions of this policy, same shall inure to the benefit of any or all persons suffering loss or damage and suit may be brought thereon in any court of competent jurisdiction within the state by any person, firm, association, or corporation suffering any loss or damage. If final judgment is rendered against the assured by reason of any loss or claim covered by this policy, the company shall pay said judgment up to the limits expressed in the policy direct to the plaintiff securing said judgment or the legal holder thereof, upon the demand of said plaintiff or holder thereof, whether the assured be or be not financially responsible in the amount of the said judgment, and that this policy may not be canceled by either party, except that written notice of the same shall have been previously given for at least ten days to said Corporation Commission prior to the cancellation of such policy. In all other respects the terms, limits, and conditions of this policy remain unchanged.''

No other provision of the policy of insurance or indemnity is set out in the complaint, except that the liability is limited to $5,000. The cause of action alleged against the Smith Stage Company is:

That on July 17, 1917, it, as a common carrier, agreed and undertook—for a consideration of 35 cents to be paid at the end of the journey—to safely transport plaintiff in one of its automobiles from Midland City to Globe, Arizona; ''that by its negligence the defendant failed to keep its said promise of safe transportation; that the said Smith Stage Company on said day so negligently drove said automobile at such an excessive rate of speed behind another automobile, and in the face of an approaching automobile, that it collided with the automobile in front of it, whereby the plaintiff was thrown from said automobile and his arm was permanently injured and its usefulness destroyed; that said the Smith Stage Company drove said automobile in excess of the statutory rate of speed allowed on said road at said place at

said time; that said injuries to the plaintiff were the natural and readily foreseeable consequence of the negligence of the defendant, and the said negligence was the proximate and natural cause of said injuries; that said injury was received while the plaintiff was a passenger as aforesaid in the Hudson car while operated by the defendant the Smith Stage Company as a common carrier as aforesaid.''

Following an allegation that the plaintiff was damaged in the sum of $10,000 is a prayer that he recover against the stage company the sum of $10,000 and the Western Indemnity Company the sum of $5,000.

The defendant corporations moved an order of the court requiring plaintiff to state separately and in separate counts the cause of action on policy and the cause of action for negligence or breach of contract to carry; to strike certain portions of the complaint, which, if granted, would have left but one cause of action and one defendant, or, in the event said motions were denied, that the complaint be made more definite and certain, by requiring plaintiff to set forth whether the contract of carriage was express or implied, and if express, where, when and by whom made, and that the alleged policy of insurance be set forth either in terms or effect, so that it could be determined if it covered the alleged injury to plaintiff. The defendants filed separate demurrers to the complaint alleging: (1) Defect of parties; (2) that several causes of action are improperly united; (3) that complaint is multifarious, in that it sets forth separate and distinct causes of action on several contracts against different defendants; (4) insufficient facts to constitute a cause of action; and (5) misjoinder of parties defendant.

Both defendants pleaded the general issue. All motions and demurrers were overruled, and trial before a jury was had on general issue, which resulted in a verdict and judgment for plaintiff against

both defendants for the sum of $5,000.   Both defendant companies appeal, and assign as errors the overruling of motions and demurrers, the admission in evidence, over objection, of insurance or indemnity policy, and the giving of certain instructions requested.   The view taken of the demurrers will effectively dispose of the different motions, and we will therefore pass the assignments based upon the overruling of motions.

That the complaint states two causes of action, one against the stage company, and one against the indemnity company, is apparent.   But it is said that both causes of action are upon contract; that against the stage company being for a breach of its agreement of safe carriage, and the one against the indemnity company upon its agreement of insurance or indemnity against loss or damage he might suffer while a passenger of the carrier company by its negligence.   The indemnity company was not a party to the contract of carriage, and neither was the plaintiff a party to the contract of insurance or indemnity. The latter contract is between the stage company and the indemnity company, and to it we must look for the respective obligations and rights of the parties thereto, or any third party claiming rights thereunder.   If any third person has any rights under the contract, whether it be indemnity against loss or liability, or insurance, it is not because of any contract of his, but because of a contract of another for his benefit.   Two of the terms of the insurance or indemnity policy are as follows: The Western Indemnity Company agrees:

"(1) To indemnify the assured . . . against loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries including death resulting therefrom, accidentally suffered or alleged to have been suffered, while this policy is in force, by any person or persons (except

employees) by reason of the ownership, maintenance, or use of any of the automobiles enumerated in item 5. . . . (c) No action shall lie against the company to recover under any of the agreements herein contained unless brought by the assured personally to recover money actually expended by him in satisfaction of claim or liability imposed by due process of law, resulting from injuries actually caused by reason of the ownership, maintenance, and use of said automobiles. . . . ''

We quote these two provisions of the policy at this time to show what kind of loss or damage the indemnity company bound itself to pay. In the first place, the loss or damage must be accidentally suffered; second, the loss must be the result of bodily injuries or death; and, third, the accident and consequent injury must have been caused by the negligence of the stage company.

The law imposes no responsibility upon a common carrier for personal injuries unless the carrier is guilty of negligence. Under the common law, which controls in this jurisdiction, a common carrier is not an insurer of the safety of the passenger. So we see the liability of the indemnity company, under the terms of the policy, is limited to losses arising out of the torts of the assured stage company. It does not assume liability for losses that may be occasioned by the stage company's failure to keep or perform its contract of carriage. Therefore, if we construe the complaint as appellee would have us, as based upon a breach of contract of carriage, it is upon a cause of action without the terms and purview of the policy, and demurrable so far as the indemnity company is concerned. However, we are satisfied that the cause of action stated against the stage company is one sounding purely in tort, and that the loss or damage alleged falls within the terms of the obligation assumed by the indemnity company as expressed in

XXI Ariz.—3

the provision inserted in the policy at the request of the Corporation Commission; it being the provision set forth in the complaint.

But, accepting this view of the complaint that it states a cause of action against the stage company for negligence and one against the indemnity company on contract, the causes being unrelated to each other, except as indicated, are they properly united? We think not. The statute (paragraph 427, Civ. Code) provides: "Actions *ex contractu* shall not be joined with actions *ex delicto*." This is the common-law rule (1 C. J. 1065, § 209), and stands unaffected by any other provisions of our statute law. In *Continental Securities Co.* v. *Yuma Nat. Bank,* 20 Ariz. 13, 176 Pac. 572, we said:

"Where the Code classifies causes of action that may not be joined, such classification is binding upon the court."

There is also a misjoinder of parties defendant. They are not jointly liable on the policy. The stage company's liability is one imposed by law for negligence. The indemnity company's liability is one arising out of contract. Their liabilities are separate and distinct. The stage company could not be sued on the policy, as it has assumed none of the obligations thereof; nor can the indemnity company be sued for the tort, as it was not a party to it. The two causes of action do not run against or affect both of the defendants, which we have held to be necessary before they can be joined as defendants. *Richard v. Warnekros,* 14 Ariz. 488, 131 Pac. 154; *Continental Securities Co.* v. *Yuma Nat. Bank, supra.*

It is manifest from an inspection of the complaint that the action was brought upon the theory that the contract of the indemnity company was one for insurance. It is alleged that the indemnity company "particularly insured the said Smith Stage Company

and said passengers against injury.'' If so, it is insurance against accidental bodily injury or death negligently caused by the carrier stage company in the operation of one of its automobiles, and solely the contract of the indemnity company. It is too clear for argument that a person insured against accident, in instituting suit on a policy to collect from insurer, need not join the owner of the vehicle in which or by which he was injured as a codefendant. Since the policy in this case names the particular kind of accident and the person by whom it must have been occasioned, the circumstances of the accident, as that it was negligent and committed by the stage company, would have to be set forth in the complaint, but only for the purpose of showing that the accident was one of the kind insured against. The stage company, however, is neither a necessary nor a proper party defendant in a suit upon the policy by the insured person, if it be an insurance policy.

After much thought and investigation, we have concluded that the indemnity company's contract is not one of insurance, but one of conditional liability; the condition being that the injured person must first obtain a judgment against the assured stage company before he has any remedy against the indemnity company on the policy. The policy, before the provision relied upon by plaintiff was made a part thereof at the instance of the Corporation Commission, was the usual policy of indemnity against loss by the assured. By its terms no one could sue or recover thereon, except the assured, and he only after he had settled with the injured person his claim or judgment. The latter was not a beneficiary of the policy. But, granting that the policy is one of indemnity against liability, the rule is unchanged, except that some courts, in such cases, have held the liability on the policy an asset of the estate of the assured, and, as such, subject, by garnishment, or other proper pro-

ceeding, to the payment of the injured person's judgment. In neither case may the injured sue directly upon the policy. *Allen* v. *Aetna Life Ins. Co.,* 145 Fed. 881, 7 L. R. A. (N. S.) 958, and notes, 76 C. C. A. 265; Fuller's Accident and Employers' Liability Insurance, 451–468; 1 Joyce on Insurance, §§ 27a, 27b. Mr. Fuller states, at page 464:

"It must first of all be borne in mind that these policies of insurance are secured to reimburse employers for damages sustained by reason of injuries to others for which they may be legally responsible. The policies are written, not for the sake of injured employees, but for the benefit of employers who have suffered loss by reason of their common-law or statutory liability. The premiums are paid by the employers, and the employers are the beneficiaries thereof. The policies now most commonly in force are contracts of indemnity against loss, and not of insurance against liability. They are not subscribed to for the benefit of injured employees, and there is no privity between them and the employers. Therefore no action will lie under such policies until a loss has actually been suffered by the assured through the liquidation of a judgment of an injured employee, and then action can be brought only for the benefit of the assured."

The rules of interpretation employed by the courts in construing employers' indemnity are observed in the consideration of common carriers' indemnity against loss; they are governed by the same principles. 1 Joyce on Insurance, § 27e; *Patterson* v. *Adan,* 119 Minn. 308, 48 L. R. A. (N. S.) 184, and notes, 138 N. W. 281. It is seen, then, that under these forms of indemnity the injured employee or passenger and his rights receive very little consideration. It was only when the assured was financially able to respond in damages that he could be certain of collecting his judgment for injuries. If his judgment creditor were insolvent or a bankrupt, he could not sue on the policy, and, in some cases, has been denied

the right to reach the proceeds of the policy by garnishment or otherwise.    *Allen* v. *Aetna Life Ins. Co., supra.*

When the policy in question was offered or proposed by the stage company and the indemnity company as their contract, the Corporation Commission, knowing as it did the little or no protection therein secured to a person injured, required the indemnity company to consent to the terms of the provision relied upon by the plaintiff, and the same accordingly was indorsed on the policy and became a part of the contract of indemnity. In that provision the indemnity company agrees that the policy shall inure to the benefit of any person, or all persons, suffering loss or damage, and such person or persons may bring suit thereon, and further agrees to pay, upon demand, any judgment that an injured person might obtain against the assured stage company, not to exceed the limits expressed in the policy, "whether the assured be or be not financially responsible in the amount of said judgment." In other words, under this provision of the policy, if the party claiming that he was injured establish in a suit against the carrier that he sustained loss or damage, he is not compelled to seek satisfaction of his loss or damage out of the assured, but can call directly upon the indemnity company to liquidate his judgment, and in default "suit may be brought" upon the policy. As we have seen, the agreement in the policy, as originally drawn, was that the indemnity company would indemnify the stage company "against loss by reason of the liability imposed upon the assured for damages on account of bodily injuries, including death, resulting therefrom, accidentally suffered or alleged to have been suffered while this policy is in force."

It also appears from what we have said that the words "loss and damage" mean a real loss—one, at

least so far as the indemnity company is concerned, that has been put into judgment against the assured. The injured person must not only prove loss or damage, but he must prove that the loss or damage was caused by the negligence of the stage company. If he be injured ever so seriously without fault of the assured, there would be no responsibility, no loss or damage, within the contemplation of law. It will be noted that the provision inserted in policy by direction of the Corporation Commission was not intended to supplant all the terms and conditions of the original contract. Therein it is said:

"In all other respects the terms, limits and conditions of this policy remain unchanged."

One of the terms of the policy is that the injured person must first establish his claim by suit against the assured. His damages must be liquidated before he can enforce their payment from the stage company. The policy provides for immediate notice from the assured to the indemnity company of any accident, of any claim made for damages, and of any suit brought against it. The assured agrees to assist in defending suits brought against it by securing evidence, information, and the attendance of witnesses. To require these obligations on the part of the assured, or the injured person, for that matter, to be carried out, would not conflict with the provisions of the inserted clause, if it be held that the injured person may sue the indemnity company on the policy to recover his judgment against the assured, if he obtain one, and at the same time it will protect the indemnity company from possible collusion between the assured and the injured person, or from indifference upon the part of the assured. If the position of appellee is maintained, to the effect that the undertaking in the policy runs directly to the injured person, and is the joint and several obligation of the

insured and insurer, it would follow that the injured person could sue the indemnity company thereon alone and without previous notice of the accident, or any claim of damages therefor, leaving the insurer to make his defense as best he could, without the aid of any party to the wrong out of which the cause of action arose.

This unfair, not to say unreasonable, situation in which the indemnity company would be placed, we think, was not in contemplation of any of the parties to the contract. A more just and reasonable conclusion, it would seem, would be that it was within the contemplation of the contracting parties that the injured person must first establish his claim against the wrongdoer in his action for negligence and thereafter be assured of the fruits of his victory by being permitted to collect from the indemnity company. If it is held that the general expression in the inserted provision, that the policy "shall inure to the benefit of any or all persons suffering loss or damage and suit may be brought thereon . . . by any person, firm, association, or corporation suffering any such loss or damage," means that such suit may be brought on the policy only after such loss or damage has been established in an action against the assured, its terms are literally met, without in any way nullifying the other provisions of the contract that make it a condition precedent to the indemnity company's liability that the assured be first sued by the injured party and his loss or damage established. But if the injured person is permitted to sue the indemnity company on the policy before he has proved his loss or damage against the assured, one of the most important provisions of the contract is completely nullified. It is the duty of the court to adopt that construction of a contract that will harmonize all its parts. It is only by following the plaintiff's construction of the con-

tract that the two provisions became inharmonious. We feel that we must follow the rule which states:

"Where two clauses are inconsistent and conflicting, they must be construed so as to give effect to the intention of the parties as collected from the whole instrument, and apparently conflicting provisions must be reconciled, if possible, by any reasonable interpretation; it being necessary for this purpose to consider the entire instrument and the surrounding circumstances. If one clause is at variance with another, the one contributing most essentially to the contract will be entitled to more consideration than that which contributes less, or, as has been said, the clause which essentially requires something to be done to effect the general purpose of the contract itself is entitled to greater consideration than the other." 13 C. J. 535, § 497.

We are therefore of the opinion that the policy in question "inured to the benefit" of plaintiff, and that he "may bring suit thereon" if the indemnity company, on demand after final judgment against the stage company, refuses to pay the same. In this view of the case it follows that the cause of action against the stage company was improperly united with the cause of action against the indemnity company, because they are separate and distinct causes of action against different defendants, and because the facts stated do not constitute a cause of action against the indemnity company, and because it resulted in a misjoinder of parties defendant. Neither the policy nor the effect of it was properly pleaded, and it should not have been admitted in evidence against the indemnity company; and it was not competent evidence against the stage company, because the stage company was no party to it.

This leaves the instructions of which complaint is made, both those given and those refused, undisposed of. We have not examined them critically, and do not pass upon them, feeling that upon a retrial, if

those given are not proper, they will not be asked, and, if asked refused, and that those requested will receive the same treatment.

For the reasons given, the judgment is reversed, and cause remanded, with directions to sustain demurrers as indicated and grant a new trial to the defendant the Smith Stage Company, with leave to the plaintiff to amend his complaint to conform herewith, if he may be so advised, and that the action against the indemnity company be dismissed.

CUNNINGHAM, C. J., and BAKER, J., concur.