## WOOLVERTON v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

CASUALTY INSURANCE—NOTICE OF ACCIDENT—QUESTION FOR JURY.

Plaintiff was insured against accidents caused by its horses or vehicles, under a policy requiring that, if assured had reasonable ground for believing that an accident within the policy had happened, on the occurrence of an accident, or on its receiving information of a claim on account of an accident, it should give immediate notice to insurer. The driver of one of plaintiff's trucks, though knowing that an accident to a boy had happened, believing that it was not caused by his truck, said nothing about it until 4 days thereafter, when he told plaintiff's general superintendent, on the latter being informed of the accident by a policeman, and such superintendent said nothing about the same for 24 days after the accident, when the attorney for the person injured told assured that he intended to sue therefor, immediately after which notice was given to insurer. *Held*, that whether insured was remiss in giving notice to insurer, as required by the policy, was a question for the jury.

Appeal from trial term, New York county.

Action by William H. Woolverton, as president of the New York Transfer Company, against the Fidelity & Casualty Company of New York. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John L. Hill, for appellant.

Charles C. Nadal, for respondent.

GOODRICH, P. J. The defendant issued to the corporation of which the plaintiff was president at the times in question its policy of insurance, dated August 1, 1895, against loss resulting from any accident caused directly by the horses or vehicles of the corporation used in its business of transporting goods. The policy contained the following clauses:

"(2) The assured, upon the occurrence of an accident, and also upon receiving information of a claim on account of an accident, shall give immediate notice in writing of such accident or claim, with full particulars, to the company, at its offices in New York City, or to the agent, if any, who shall have countersigned this policy."

On Thursday, September 5, 1895, Hannon, an employé of the transfer company, while driving a truck belonging to that company and used for the transportation of goods, ran into and injured a boy named Mills, who was standing on the step of an open trolley car.

For this injury the boy recovered a judgment against the transfer company. The latter paid the judgment, and then brought this action, in the name of its president, to recover the amount of the judgment and the expenses incurred in the defense. The defendant, among other defenses, alleged that the plaintiff had failed to comply with the provisions of the clause above set out, by neglecting to notify the defendant of the accident until October 4th. The court dismissed the complaint at the close of the plaintiff's evidence, on the ground that the failure of the transfer company to notify the defendant of the accident "made the policy inoperative," and from the judgment entered thereon this appeal is taken.

The judgment against the transfer company, the payment of the same, and the allegation in the present complaint that the boy was injured by one of the transfer company's trucks, conclude that company as to the fact that the injury to the boy was caused by its driver Hannon; but this is not the fact upon which our decision must rest. The only question is whether the transfer company had notice, before October 2d, of an accident caused by Hannon, sufficient to set in operation the condition of the clause. The record shows, not only doubt in Hannon's mind, at the time of the accident, as to whether or not his wagon caused the injury, but apparently a belief on his part, and a statement by him to his superior, Sparks, soon afterwards, that such was not the fact. He testified that he did not report the accident, as the rules of his company required, although he admitted that he knew of an injury to the boy. On the following Monday, September 9th, a police officer called on Sparks, who had general supervision of the company's trucks, and informed him that one of his drivers had caused an accident, and that he wanted to arrest such driver. He was told that Hannon would be at the stable at 6 o'clock, but did not return. That evening, however, Sparks inquired of Hannon as to the accident, and the latter denied that he had caused it. It is not necessary for us to decide whether or not the transfer company's driver had such knowledge or notice of an accident caused by him at the time it occurred as to require notice of it to be given by him to his superior; for the fact clearly appears that on September 9th Sparks had notice that some accident had happened, and that it was claimed to have been caused by Hannon. We may consider, therefore, only whether, on the last-named day, the transfer company had such knowledge or notice as to require it to notify the defendant of the accident. Sparks gave no notice to the officers of the transfer company until October 2d, when Draper, the general manager, sent to him for information on the subject. This was caused by the fact that the attorney for Mills had called upon Mr. Draper, and stated that he intended to sue the transfer company on account of the accident. Here was a period of 24 days from the time Sparks had notice that some one claimed that the company's truck had caused an accident; and we are called upon to decide whether, as matter of law, the failure of that company, under the circumstances, to give immediate notice to the defendant company,—that is, on or shortly after September 9th,—precluded a recovery on the policy.

No one can doubt that the intent of the clause above quoted was to enable the defendant to make prompt inquiries as to the circumstances of an accident upon which an action against one of its policy holders was likely to be instituted, in order that it might prepare for the defense of the same. This is a reasonable rule, and must be reasonably construed. If there be any doubt, the rule must be construed more strongly against the defendant. Trippe v. Society, 140 N. Y. 23, 35 N. E. 316, 22 L. R. A. 432. It was not the happening of an accident for which the transfer company afterwards was found to be liable which devolved upon it the duty of notifying the defendant of the "occurrence of an accident"; for, as the policy requires a reasonable construction, it would be absurd to hold that the mere happening of an accident of which the transfer company had neither knowledge nor notice would set in operation the clause. Superadded to the accident must be knowledge or notice sufficient to put upon inquiry the transfer company, and, under the evidence, this would seem to have been, not matter of law, but question of fact.

The cases cited by respondent's counsel, as to notice of a fire to a fire insurance company, differ somewhat with the case at bar. The fact of a fire is a matter concerning which there can be little doubt, and yet several of the cases cited are authority for saying that there may be reasonable excuses for failure to give notice of such fact. In Brown v. Assurance Corp., 40 Hun, 101, where there was a delay of 48 days, the court said: "It is unreasonable to say that a delay of 48 days, in no wise excused, is either a literal or substantial compliance with the condition;" and several cases are there referred to holding that delay in giving notice may be explained.

There was a notice posted in the stable of the company, reading: "Drivers must, immediately on arrival at the stable, make full and complete report of any accident that may have occurred, together with the names of witnesses." Even assuming that Hannon knew of this regulation,—and it may be observed that there is no proof that he did,—the evidence shows that he did not believe that he had caused the accident, and when, on September 9th, Sparks asked him about it, he admitted that he knew an accident had occurred, but denied that he had caused it. This, and the failure of the police officer to return to arrest Hannon, might well have been found sufficient to cause Sparks to believe that no accident had been occasioned by Hannon; and it is of that time, and not of October 2d, when a lawyer made a demand on the transfer company, in behalf of the boy Mills, that the necessity for that company to give notice to the defendant company must be predicated. On the evidence, we do not think this was a question of law. The jury might have found that neither Hannon nor Sparks supposed that the injury was caused by the former, or they might have found that both received sufficient notice of it to require a notice to the defendant. This was a pure question of fact, and the jury should have been required to decide whether or not there was reasonable ground for the transfer company to believe that an accident within the policy had happened. It should be observed that the clause here discussed

has two requirements of immediate notice,—one on the occurrence of an accident, and the other when a claim is made on account thereof. The latter requirement seems to have been met promptly.

These views render unnecessary a consideration of the other questions raised by the appeal, and require the reversal of the judgment.

Judgment reversed, and new trial granted, costs to abide the event. All concur.