## MERCHANTS MUTUAL AUTOMOBILE LIABILITY INSURANCE COMPANY *v.* SMART.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 223. Argued January 22, 1925.—Decided March 2, 1925.

A state law (N. Y. Laws 1918, c. 182) required that any policy issued by an insurance corporation, in the future, to indemnify the owner of a motor vehicle against liability to persons injured through negligence in its operation, shall provide that the insolvency or bankruptcy of the insured shall not release the company

from payment of damages for an injury sustained during the life of the policy, and that, in case execution against the insured in an action brought by a person so injured shall be returned unsatisfied because of such insolvency or bankruptcy, the injured person may maintain an action against the company on the policy for the amount of the judgment not exceeding the amount of the policy. *Held:*

(1) That the regulation is reasonable, and within the police power; it cannot be said to deprive the Insurance Company of property without due process of law. P. 129.

(2) That it does not conflict with the Bankruptcy Act by providing for an unlawful preference. P. 130.

198 N. Y. S. 949 affirmed.

ERROR to a judgment of the Supreme Court of New York, Appellate Division, affirming a judgment recovered by Smart against the Insurance Company. The New York Court of Appeals declined to review. The facts are given in the opinion.

*Mr. Anthony J. Ernest,* with whom *Mr. Frederick J. Stone* was on the brief, for plaintiff in error.

*Mr. John P. Bramhall* for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The Merchants Mutual Automobile Liability Insurance Company, the plaintiff in error, is a New York corporation authorized to insure against recoveries of damages by persons injured by automobiles and other vehicles, for whose operation the insured is responsible. It issued a policy August 16, 1919, to Frank Coron, thus to indemnify him in the operation of his automobile truck to the extent of $5,000, together with interest and costs. The policy contained a provision, inserted pursuant to the requirement of Section 109 of the Insurance Laws of New York. (Laws of 1918, ch. 182.) The section reads as follows:

" On and after the first day of January, nineteen hundred and eighteen, no policy of insurance against loss

or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or, against loss or damage to property caused by horses or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall be issued or delivered to any person in this state by any corporation authorized . . . to do business in this state, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, that then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

Smart was injured by the truck of Coron. He brought suit against Coron for damages and recovered a judgment for $11,000. He issued execution against Coron upon the judgment, which was returned unsatisfied, and supplemental proceedings were undertaken against him without success.

The Supreme Court of the State held that on the record Coron was insolvent, that under the clause of the policy embodying the provision of Section 109 the action lay, and because of a failure to set up any good defense, a summary judgment was entered for $5,000 and interest and costs in favor of Smart against the Company.

The case has been brought here by the Company under Section 237 of the Judicial Code, upon the claim that Section 109 is invalid, first in that it deprives the Insur-

ance Company of its property without due process of law, and, second, because it is in conflict with the bankruptcy laws of the United States.   It is well settled that the business of insurance is of such a peculiar character, affects so many people and is so intimately connected with the common good that the State creating insurance corporations and giving them authority to engage in that business may, without transcending the limits of legislative power, regulate their affairs so far at least as to prevent them from committing wrongs or injustice in the exercise of their corporate functions.   *Northwestern Life Insurance Company* v. *Riggs,* 203 U. S. 243, 254; *Whitfield* v. *Aetna Life Insurance Company,* 205 U. S. 489; *German Alliance Insurance Company* v. *Kansas,* 233 U. S. 389, 412, *et seq.; La Tourette* v. *McMaster,* 248 U. S. 465, 467; *National Insurance Company* v. *Wanberg,* 260 U. S. 71, 73.   Such regulation would seem to be peculiarly applicable to that form of insurance which has come into very wide use of late years, that of indemnifying the owners of vehicles against losses due to the negligence of themselves or their servants in their operation and use. The agencies for the promotion of comfort and speed in the streets are so many and present such possibility of accident and injury to members of the public that the owners have recourse to insurance to relieve them from the risk of heavy recoveries they run in entrusting these more or less dangerous instruments to the care of their agents.   Having in mind the sense of immunity of the owner protected by the insurance and the possible danger of a less degree of care due to that immunity, it would seem to be a reasonable provision by the State in the interest of the public, whose lives and limbs are exposed, to require that the owner in the contract indemnifying him against any recovery from him should stipulate with the insurance company that the indemnity by which he

saves himself should certainly inure to the benefit of the
person who thereafter is injured. Section 109 does not
go quite so far. It provides that the subrogation shall
take place only when the insured proves insolvent or
bankrupt, and leaves the injured person to pursue his
judgment against the insured if solvent without reliance
on the policy.

Another reason for the legislation is suggested in the
opinion of the Appellate Division of the Supreme Court
of New York (*Roth* v. *National Automobile Mutual Cas-
ualty Company,* 202 N. Y. App. Div. 667, 674), to wit,
that it was enacted on the recommendation of the State
Superintendent of Insurance to make impossible a prac-
tice of some companies to collude with the insured after
an injury foreshadowing heavy damages had occurred,
and to secure an adjudication of the insured in bank-
ruptcy whereby recovery on the policy could be defeated
because the bankrupt had sustained no loss.

Whatever the especial occasion for the enactment, it is
clear that the exercise of the police power in passing it
was reasonable and can not be said to deprive the Insur-
ance Company of property without due process of law.
It is to be remembered that the assumption of liability
by the Insurance Company under Section 109 is entirely
voluntary. It need not engage in such insurance if it
chooses not to do so.

The second objection is that the policy in this clause
makes provision for an unlawful preference under the
National Bankruptcy Act, when the owner who is indem-
nified is a bankrupt at the time of the injury.

Passing by the difficulty that suggests itself that the
Insurance Company is not one of the creditors of the in-
solvent insured and so is hardly in position to question
the validity of the law for a defect of this kind (*Heald* v.
*District of Columbia,* 259 U. S. 114, 123, and cases cited),
we prefer to deal with the objection on its merits. It has

no substance. As we have already suggested, the legislature might have required that policies of this kind should subrogate one injured and recovering judgment against the assured to the right of the latter to sue the company on the policy. It simply would create a secured interest in the recovery on the policy for the benefit of the injured person when ascertained. It would not be an unlawful preference any more than security given for any lawful claim against the assured while solvent would be unlawful in the event of subsequent bankruptcy. The clause we have before us is just the same save in one respect. It secures to the injured person the indemnity which his injurer has provided for himself in advance to avoid payment for the injury. But the clause becomes operative only in the event of the insolvency or bankruptcy of the assured when he can no longer use the indemnity to pay the injured person as he should. The title to the indemnity passes out of the bankrupt or insolvent person and vests in him in whom the contract and the state law declares it should vest. The assured is divested by the terms of the instrument under which the interest of the assured and the interest of the injured, then contingent, and now absolute, were created. The general creditors have lost nothing because by the fact of bankruptcy the interest of the assured in the policy passed to the injured person and did not become assets of the assured. The provision for the divesting of the interest on bankruptcy was not made to defraud creditors or in expectation of bankruptcy, but was made so far as we can know when the assured was solvent and merely to provide against a future contingency.

We think that there is in this state legislation complained of, no conflict with the policy or the letter of the bankrupt law.

A third objection is made that there was no sufficient evidence that the insured was insolvent. This was a

question of fact under the proceedings which were instituted by execution and what followed. The state courts have found it to exist and it is not for us to question their findings.

The judgment is

*Affirmed.*