HELLER v. STANDARD ACC. INS. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7180. Decided May 9, 1927

647. INSURANCE—Where an insurance policy includes a clause demanding that insured give immediate written notice of any action arising from an accident, and same is not complied with by insured, the company is not bound to pay costs of defense incurred by the insured.

85. APPEAL—When case is tried on agreed statement of facts, the reviewing court is not limited in review, as to whether trial judge's findings are manifestly aaginst the evidence, but may also determine matters of law.

297. CONTRACTS—A court is not privileged to make contracts for others nor in any wise change the conditions of contracts lawfully made, because of some personal notion of what, in a particular case, good morals and fair dealing may require.

Judges Richards, Williams & Lloyd, 6th Dist., sitting.

First Publication of this Opinion

LLOYD, J.

The Standard Accident and Insurance Company had issued to Meyer Heller a policy of insurance indemnifying him, for a period of twelve months from March 20, 1921, against loss from liability for damages on account of bodily injury accidently sustained by any person by reason of the use of Heller's automobile. On June 22, 1921, a Mrs. Yudelevitz, was injured by Heller, while he was driving his car. Immediate notice was given to the Company.

Nothing further happened until Dec. 26, 1922, when Mrs. Yudelevitz filed an action for $10,000. Heller was served by leaving copy at his residence. He was out of the city, and his daughter took the service and left it with Heller's personal attorney who asked leave to plead and extended the time for answer to May 26, 1923.

Heller upon his return to the city was taken ill and one thing and another happened and it was not until May 14, 1923 that he and his attorney realized that the accident was covered by insurance. They immediately notified the company who claimed their rights had been prejudicial by the delay. Thereupon Heller defended the action and had judgment rendered against him in the sum of $300; and paid $400 attorney's fees. For the amount thus expended Heller brought the action in the Cuyahoga Common Pleas and this is an error proceeding to reverse the lower court which rendered judgment against him.

The Court of Appeals held:

1. The judgment entered by the Cuyahoga Common Pleas recites, "this cause came on to be heard and was submitted to the court on the pleadings and the evidence, and on consideration thereof the court finds that the plaintiff is not entitled to the relief prayed for" and having so found, dismissed the petition and entered judgment in favor of defendants for costs.

2. The policy of insurance in question contained, among others, the following condition:

"The assured upon the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable, to the Company at its Home Office, Detroit, Michigan, or its duly authorized agent. He shall give like notice, with full particulars, of any claim made on account of such accident. If, thereafter, any suit is brought against the Assured, he shall immediately forward to the Company every summons or other process served on him. The assured shall not voluntarily assume any liability, settle any claim or incur any expense except at his own cost, or interfere in any negotiations for settlement or legal proceeding without the consent of the Company previously given in writing."

3. Assuming that the facts having been so agreed upon are therefore not in dispute, and that a motion for a new trial was unnecessary, and assuming also that what the Supreme Court says in Amer. Cas. Co. v. Roehm 99 OS. at pg. 348: "in a case of the character under investigation with its attendant circumstances, where the facts are not disputed, what is a sufficient compliance with policy requirements is a question of fact and not law," is not applicable to this case, is not limited to finding whether the trial courts judgment was manifestly against the weight of the evidence.

4. Unless, then, the admitted facts and circumstances excuse the delay in forwarding to the Company the summons which admittedly had been served upon Heller in the manner provided by law, the condition just quoted of the insurance policy in question was thereby violated in at least two respects, because the summons served a double purpose. It served the purpose of notifying Heller that Mrs. Yudelevitz was making a claim for her alleged injuries and was commencing an action to adjudicate and compel satisfaction thereof.

5. Condition "F" of the policy provided for immediate notice to the Company of any accident, or of any claim made growing out of any accident, and also that every summons or process served on plaintiff should immediately be forwarded to defendant.

6. As has been decided by this court in U. S. Fidelity Co. v. Breese, 21 Ohio App. 521, and by the Supreme Court in the cases of Travellers Insurance Co. v. Mayers, 62 Ohio St., 529. Employers Liability Assurance Corp. v. Roehm, 99 OS. 633, 637, a stipulation such

as this is of the essence of the contract in insurance of this kind.

7. This court is satisfied to decide the question in the instant case upon the well-established principle of law that a court is not privileged to make contracts for others nor in any wise to change the conditions of contracts lawfully made, because of some personal notion of what, in a particular case, good morals and fair dealing may require.

8. The contract of insurance in question was advisedly and understandingly made. Its terms are explicit and unqualified and the parties are bound in law to abide thereby.

Judgment affirmed.

(Richards, J., concur; Williams, J., dissents) Attorneys—M. C. Harrison for Heller; Dustin, McKeehan, Merrick, Arter & Stewart for defendants; all of Cleveland.