(No. 5060.   March 22, 1929.)

E. H. BERG, Receiver for MODERN BOX MANUFAC-
TURING COMPANY, a Corporation, Respondent, v.
ASSOCIATED EMPLOYERS RECIPROCAL AND
ILLINOIS INDEMNITY EXCHANGE, Appellants.

[279 Pac. 627.]

Robert H. Elder and Ralph S. Nelson, for Appellants.

Ezra R. Whitla, for Respondent.

BUDGE, C. J.—Louis E. Blandy was injured, on January 22, 1918, while in the employ of the Modern Box Manufacturing Company. The Box Company previously had entered into a contract with the Illinois Indemnity Exchange under the terms of which the exchange agreed to indemnify the Box Company "against legal liability up to the amounts set forth in the attached schedule for damages by reason of bodily injuries accidentally sustained, . . . . which may be suffered or alleged to have been suffered by any employee or employees of the assured. . . . . " The following clause was also contained in the contract:

"Provided, always, that the indemnity herein provided for is and shall be subject to the following conditions:

"2. Upon the occurrence of any contingency covered by this contract, the assured shall give immediate written notice thereof to the attorney, and shall forward to the attorney forthwith after receipt thereof, every written communication, or information as to any verbal communication, and every process, pleading and paper of any kind relating to any and all claims and proceedings."

Blandy instituted an action against the Box Company, in the district court of the eighth judicial district, claiming damages on account of his injuries. At this time all the officers of the Box Company had left the state of Idaho, and summons was served upon the auditor of the county in which the Box Company had its principal place of business, as authorized by C. S., sec. 6676. After default of the Box Company, judgment was entered in favor of Blandy, which was paid with money borrowed by the receiver for the Box Company, as authorized by the court. Some time thereafter, motions were made to set aside the judgment obtained by Blandy and to vacate an order appointing a receiver for the Box Company. These motions were granted, but upon appeal to this court were reversed. (*Blandy v. Modern Box Mfg. Co.*, 40 Ida. 356, 232 Pac. 1095.) The present action was commenced by the receiver for the Box Company to recover over from appellants under the indemnity contract

on account of the judgment recovered by. Blandy. After trial of the cause to court and jury, verdict was returned in favor of the receiver, and the insurers have prosecuted this appeal from the judgment entered on the verdict.

As we view the case, the court erred in the denial of appellants' motion for nonsuit, made at the conclusion of respondent's introduction of evidence and renewed after all the evidence had been presented. As bearing on a compliance by the insured with the provisions of the indemnity contract set out above, it is sufficiently established by the record that the Illinois Indemnity Exchange had notice of the injuries sustained by Blandy, but not of the pendency of his action against the Box Company. There was no compliance by the Box Company with the provision regarding the forwarding to the attorney of "every process, pleading and paper of any kind relating to any and all claims and proceedings." That is to say, the summons and complaint in the action of Blandy against the Modern Box Manufacturing Company were not forwarded to the attorney for the insurer as required under the terms of the indemnity contract, and it had no notice whatever of the pendency of that action. And while it appears that the process served upon the county auditor was not forwarded by the latter to any of the officers of the Box Company, the service as made upon the auditor was valid and effectual as to the Box Company, and failure by it to comply with the terms of the indemnity contract in regard to forwarding all process, pleadings, etc., to the attorney for the indemnitor cannot be excused by reason of none of its officers receiving personal service. C. S., sec. 6676, provides that when the president, secretary, cashier or managing agent of a domestic corporation are absent from the state, service of summons in a suit against the corporation may be made by delivering a copy of the summons and a copy of the complaint to the auditor of the county in which the principal place of business of such corporation is located, in the manner and "*with the same effect as though such service had been made upon any*

of the above *officers or agents of such company"*; and though the statute makes it the duty of such auditor to forward a copy of any such summons so served on him to such corporation at its principal place of business in such county, it provides in this respect that *"no failure on the part of the auditor to mail such summons shall affect the validity of such service thereof."* There can be no question, therefore, but that the Modern Box Manufacturing Company must be held to have received service of summons to all intents and purposes. The statute makes the county auditor its agent for the service of summons upon it when its officers are absent from the state, and the corporation is charged with the knowledge of its agent in such circumstances, and likewise chargeable with the neglect to forward the process, pleadings, etc., to the attorney for the indemnitor. (3 British Ruling Cases, p. 730; *Woolverton v. Fidelity & C. Co.,* 190 N. Y. 41, 82 N. E. 745, 16 L. R. A., N. S., 400.) This is not, therefore, a case calling for the application of the principle that ignorance by the insured of a claim or proceeding against it will excuse delay in presentation to the insurer of the information required under the terms of the policy or contract. Under such circumstances it is incumbent upon the insured to exercise ordinary care in acquiring knowledge, in order that the insurer may be promptly notified. (*Heller v. Standard Accident Ins. Co.,* 118 Ohio, 237, 160 N. E. 707, affirming same case in Ohio court of appeals, 27 Ohio App. 405, 161 N. E. 360; *Woolverton v. Fidelity & C. Co., supra; Mandell v. Fidelity & Cas. Co.,* 170 Mass. 173, 64 Am. St. 291, 49 N. E. 110; 7 Cooley's Briefs on Insurance, 2d ed., p. 6087.) If this were relevant, it would follow that the withdrawal from the state of all of the officers of the Box Company upon whom service of process might be had, as a result of which they could not be served with summons in the Blandy action, constituted a want of exercise of due diligence and ordinary care required in such cases. See authorities cited *supra.* It will be noted that many of the authorities indicating that delay in serving notice upon the insurer may be excused in some circum-

stances go no further than to say that *strict* compliance
with the requirement may be excused. In the instant case
there was not only delay in giving notice to the insurer of
the pendency of the action against the Box Company, by the
forwarding of the process, pleadings, etc., but the insurer
had no knowledge whatever of that action having been insti-
tuted until after Blandy had obtained judgment against the
Box Company, and it was of course entirely prevented from
making timely or any defense to that action, as was its right.
Blandy's action against the Box Company was commenced
January 22, 1918, he recovered judgment against it May 13,
1918, and the first knowledge the indemnitor had of the
action was in August, 1918. At least a reasonable or sub-
stantial compliance with the provisions of the contract re-
lating to the furnishing of the information therein required
is a condition precedent to the maintenance of any action
under a contract of the kind involved. (*National Paper
Box Co. v. Aetna Life Ins. Co.*, 170 Mo. App. 361, 156 S. W.
740, 743; 7 Cooley's Briefs on Insurance, 2d ed., pp. 6078,
6079, and cases cited; 14 R. C. L., p. 47; *Easton v. Boston
Inv. Co.*, 51 Cal. App. 246, 196 Pac. 796; *Jefferson Realty
Co. v. Employers' Liability Assur. Corp.*, 149 Ky. 741, 149
S. W. 1011.) As stated in *Union Cent. etc. Co. v. United
States Fidelity Co.*, 99 Md. 423, 105 Am. St. 313, 58 Atl.
437:

"The liability of an indemnitor is measured by the con-
tract into which he enters, and it is never enlarged by mere
construction to include a term specifically excluded. Inas-
much as an indemnitor's liability is one dependent wholly
upon contract, it would be anomalous to hold that he is
answerable under conditions directly contrary to the express
stipulations of his undertaking. When he covenants to be
bound provided certain antecedent conditions are complied
with by the party indemnified, in the very nature of things,
if those conditions are not fulfilled his liability never
becomes fixed. This is so elementary that we do not pause
to cite authority in support of it."

From what has been said it follows that the judgment
must be reversed, and it is so ordered, with directions to

the trial court to dismiss the action. Costs awarded to appellants.

Givens, J., and Hartson, D. J., concur.

Wm. E. Lee, J., dissents.

ON REHEARING.

(July 31, 1929.)

BUDGE, C. J.—Application for rehearing having been timely filed, and granted, the cause was re-argued. We have again carefully examined the record, and find no reason for reaching a conclusion different from that of the original opinion.

Strictly speaking, there cannot be personal service of process upon a corporation, for the corporate entity is incapable of service other than through persons representative of it, and it is of no moment, therefore, whether the service be called substituted, constructive or personal. Service upon the corporation defendant in the manner made herein and as provided by C. S., sec. 6676, subd. 1, "has the same effect as personal service, and gives the court jurisdiction the same as personal service." (*Brooks v. Orchard Land Co., Ltd.,* 21 Ida. 212, 121 Pac. 101.) It is conceded by respondent, and there is no disputing the fact, that service of process upon the county auditor in the action instituted by Blandy against the Modern Box Manufacturing Company, a corporation, was binding upon the corporation. In making such service it was necessary that a copy of the summons and copy of the complaint be left with the county auditor, so that he actually received the same, on behalf of the corporation as the statute plainly declares.

The residence of a corporation is fixed in the state where it is chartered, and, unlike a natural person, it cannot change its domicile at will. Thus, when a domestic corporation sees fit to remove its officers from the state, the statute designates a person to act for it in the receipt of

process in actions filed against it, with the same binding force and effect as though such process had been delivered to any of the officers of the corporation enumerated in the statute; and in such circumstances the corporation is estopped, upon the soundest principles of law and morals, to say that it has not received such process. The law deduces the receipt of process by the corporation, conclusively and indisputably. If it were otherwise, it would be an easy matter for a corporation to enjoy the rights and privileges granted in its charter and at the same time be immune from obligations of any kind whatsoever.

The statute clearly makes the county auditor the agent of the corporation to receive process in cases of this kind, and we cannot logically arrive at any other conclusion than that by delivery thereof to him, the corporation is deemed conclusively to have received the same. The fact that the Box Company was unable to comply with the terms of the indemnity contract was due solely to its own act, consciously undertaken.

Givens, T. Bailey Lee and Varian, JJ., concur.

WM. E. LEE, J., Dissenting.—The insurance company insured the Box Company against legal liability for damages accidentally sustained by its employees, and obligated itself to defend all actions arising from such injuries at its own cost and expense. The Box Company was required on its part, among a lot of other things, to give immediate notice of injuries and forward to the attorney for the insurance company " . . . . forthwith after receipt thereof . . . . " every process, pleading and paper of any kind, etc., relating to all claims and proceedings. Notice of the injury was given the insurance company, but it did not receive from the Box Company any process or pleading in the action. Because service was had on the county auditor, and the Box Company did not forward the process and papers served on the county auditor to the insurance company, the majority holds that the insurance company is relieved of the obliga-

tion of its contract, despite the fact that the Box Company never actually received any process, pleading, etc. With this, I do not agree. Service on the county auditor is not the same as the *receipt* of the summons by the Box Company, and the *receipt* of the summons by the auditor did not constitute the *receipt* of the summons by the company. The Box Company, never having *received* the summons, has not violated that provision of the policy requiring it to forward. " . . . . forthwith after *receipt* thereof . . . . " every process, pleading, etc. Not one of the authorities cited in the majority opinion bears on the identical question.