## Sun Indemnity Co. v. Dulaney.

(Decided May 21, 1935.)

(As Modified on Denial of Rehearing January 14, 1936.)

O. H. POLLARD, R. L. POLLARD and W. A .MINIHAN for appellant.

HENRY L. SPENCER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON— Reversing.

The Lexington-Hazard Express, Inc., was engaged in operating a number of motor vehicles from Lexington, Ky., through Jackson, Breathitt county, to Hazard, Ky.

On the 1st day of July, 1930, at about 11:30 p. m., one of its loaded trucks, in charge of Cecil Waldon, arrived at the corner of Main and Broadway streets at Jackson; stopped in front of the International Grocery Association Store for the purpose of unloading a large barrel of vinegar. At that time, E. B. Cardwell and Paul Dulaney were sitting in front of Daniel's Pharmacy; Walden left the truck, went to where they were, and asked them to help him unload the barrel; they walked to the truck, and as Waldon and Cardwell began to remove it from the truck, it rolled therefrom and knocked Paul Dulaney down, breaking his foot.

On September 11, 1930, Dulaney filed an action in the Breathitt circuit court against the Lexington-Hazard Express, Inc., to recover damages for the injuries sustained to his foot and expenses incurred by reason thereof. Previously the Sun Indemnity Company had issued and delivered to the Lexington-Hazard Express, Inc., a policy of insurance, insuring it against loss from liability imposed by law upon it for damages on account of bodily injuries, or death, suffered by any person or persons, other than injuries or death suffered by any employee of the Lexington-Hazard Express, Inc., while operating, maintaining, or repairing any automobile covered by the policy. The provision here involved reads:

> "This policy does not cover loss for any liability for any suit based on injury or death * * * suffered by any employee of the assured while operating, maintaining or repairing any automobile covered hereunder."

Summons was served on the Lexington-Hazard Express, Inc., which it at once delivered to the Sun Indemnity Company. By and through its counsel, the Sun Indemnity examined Dulaney's petition which, at the time, contained this allegation:

> "The defendant (Lexington-Hazard Express, Incorporated), its agent, servant and employee, in charge of said motor bus at the time and place, engaged the service of the said infant, Paul Dulaney, and E. B. Cardwell to assist in unloading the said barrel of vinegar and delivering it to the said store; that the said defendant, its agent, servant, and employee, in charge of said motor bus

requested and commanded the services of said infant, Paul Dulaney, as aforesaid, and that in obedience to said request and demand, the said Paul Dulaney assisted and aided in unloading said barrel of vinegar. That the said defendant, its agent, servant and employee after engaging the services of the said infant, Paul Dulaney, carelessly and negligently balanced said barrel of vinegar over and across the motor bus and while the said infant, Paul Dulaney, was so engaged and employed in said task,'' etc.

The Lexington-Hazard Express, Inc., within a short time after Dulaney's action was filed, made an assignment for the benefit of its creditors. Later, its affairs and business were closed by a proceeding in bankruptcy. It made no defense to Dulaney's action. His petition was taken, pro confesso. For the purpose of fixing his damages, it was submitted under the instruction of the court to the jury, and on its verdict a judgment was entered for $2,400, interest and costs. Seasonably, an execution was issued thereon addressed to the sheriff of Breathitt county, and returned nulla bona. Another was issued to Fayette county addressed to the sheriff thereof, and returned with the same indorsement.

Dulaney filed this action, describing his injuries and setting forth the proceedings had and taken in his suit against the Lexington-Hazard Express, Inc.; the judgment therein rendered; the returns of the executions, and alleged that prior to, and at the time, he sustained his injuries, the Sun Indemnity Company had issued and delivered to the Lexington-Hazard Express, Inc., its policy of indemnity, whereby it indemnified the latter against ''all liability imposed by law upon it for damages on account of bodily injuries or death suffered by any person or persons, other than employees, as the result of an accident occurring while the policy was in full force and effect and caused by reason of the use, ownership or maintenance of any of the automobiles operated by'' it. And that the truck from which the barrel was being unloaded at the time he sustained his injuries was one of the ''automobiles'' covered by the policy of the Sun Indemnity. His petition contains this clause:

''The said Paul Dulaney at the time of said accident was not an employee of the Lexington-Hazard

Express, Incorporated, and had never been in its employment''

and that the Lexington-Hazard Express, Inc., ''while unloading one of their buses, allowed a barrel of vinegar to fall upon the foot of the infant plaintiff, Paul Dulaney, causing the injuries and disabilities aforesaid, and that said facts have been determined and adjudicated in the former action.''

Among other defenses, the Sun Indemnity Company alleged that the Lexington-Hazard Express, Inc., notified it after the accident of the facts regarding Dulaney's employment, and that he had filed suit against it, and that it had examined his petition, and it confirmed the statements to it of the Lexington-Hazard Express, Inc., and for this reason it had declined to, and did not, defend Dulaney's action against the Lexington-Hazard Express, Inc. Following this allegation, it copied the portion of his petition quoted above, and pleaded and relied upon its allegations, the trial and the jury's verdict, and the judgment rendered thereon as an estoppel and a bar of Dulaney's recovery in this action.

The petition of Dulaney against the Lexington-Hazard Express, Inc., and the judgment thereon were introduced as evidence on the trial of the present action. Both Dulaney and the Sun Indemnity Company offered a peremptory instruction. The court refused that of the latter and directed the jury to find a verdict for Dulaney which was accordingly done and judgment was entered thereon. The policy of the Sun Indemnity Company contains a provision requiring it to defend actions against the assured brought against it to enforce any claims whether groundless, or not, for damages on account of property damage or bodily injuries or death, suffered or alleged to have been suffered by any person or persons within the limits designated in the policy and under the circumstances therein described and as the result of an accident occurring while the policy is in force; that the insolvency or bankruptcy of the insured shall not release the company of any payment for which it would otherwise be liable under the policy; ''and if such insolvency or bankruptcy shall occur and an execution on a judgment recovered in a suit against the assured covered by this policy, is returned unsatisfied, the judgment creditor shall have a

right of action to recover the amount of such judgment against the policy to the same extent that the assured would have had to recover against the company, had the assured paid the said judgment; but in no event shall the company's liability exceed the limits expressed in this policy."

A recovery herein is sought by Dulaney under this coverage of the policy on the authority of Metropolitan Cas. Ins. Co. of N. Y. v. Albritton, 214 Ky. 16, 282 S. W. 187, New York Indemnity Co. et al. v. Ewen, 221 Ky. 114, 298 S. W. 182, Merchants' Mutual Auto. Liab. Ins. Co. v. Smart, 267 U. S. 126, 45 S. Ct. 320, 69 L. Ed. 538, and Smith Stage Co. v. Eckert, 21 Ariz. 28, 184 P. 1001, 7 A. L. R. 995.

It is not disputed that Dulaney sustained the injury to his foot July 1, 1930. He brought his action against the Lexington-Hazard Express Company to recover damages therefor on September 11, 1930; summons was served on the president of the Lexington-Hazard Express Company September 13, 1930. The Sun Indemnity Company had no information of the accident, Dulaney's injury, and his claim for damages until later in September when the president of the Lexington-Hazard Express Company delivered to one of its agents a copy of the summons. Neither Dulaney nor any one acting for or on behalf of the Lexington-Hazard Express Company gave notice to the Sun Indemnity Company or any one for it on or after July 1, 1930, and prior to the delivery of the copy of the summons served on the Lexington-Hazard Express Company to Guy Moore, an agent of the Sun Indemnity Company.

Respecting the giving of notice to the Sun Indemnity Company, the policy provides:

"A. Upon the occurrence of an accident the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the Company at its home office or to the agent who has countersigned this policy. If a claim is made on account of such accident the Assured shall give like notice thereof with full particulars. If thereafter any suit is brought against the Assured to enforce such a claim, the Assured shall immediately forward to the Company at its home office every summons or other process as soon as the

same shall have been served on him. The company reserves the right to settle any claim or suit. Whenever requested by the Company, the Assured shall aid in securing information, evidence, and the attendance of witnesses; in effecting settlements; and in prosecuting appeals. The Assured shall at all times render to the Company all cooperation and assistance within his power.''

Among other defenses, the Sun Indemnity Company relies on this clause of the policy and the failure of the Lexington-Hazard Express Company or any one for it to give notice of Dulaney's injury in writing or otherwise as required by this clause of the policy.

The policy contains this provision:

''K. The Company shall not be liable to pay any loss, nor shall any action be brought against the Company to recover under this policy, until a final judgment shall have been recovered against the Assured in a suit covered hereby. The insolvency or bankruptcy of the Assured shall not release the Company from any payment for which it would otherwise be liable under this policy, and if such insolvency or bankruptcy shall occur and an execution on a judgment recovered in a suit against the Assured covered by this policy is returned unsatisfied, the judgment creditor shall have a right of action to recover the amount of such judgment against the Company to the same extent that the Assured would have had to recover against the Company had the Assured paid the said judgment; but in no event shall the Company's liability exceed the limits expressed in this policy.''

The Lexington-Hazard Express Company, soon after Dulaney sustained his injury, was adjudged a bankrupt, which, of course, released it from any payment of the damages due Dulaney because of his injury.

It is argued by Dulaney that the insolvency of the Lexington-Hazard Express Company established by the adjudication of bankruptcy demonstrates that the Sun Indemnity Company was not prejudiced, and therefore is deprived of the right to rely on the failure to give notice of the accident. To sustain this contention he cites to us Metropolitan Cas. Ins. Co. of New York v. Albritton, 214 Ky. 16, 282 S. W. 187; New York Ind.

Co. et al. v. Ewen, 221 Ky. 114, 298 S. W. 182; Merchants' Mutual Automobile Liability Ins. Co. v. Smart, 267 U. S. 126, 45 S. Ct. 320, 69 L. Ed. 538; Smith Stage Co. v. Eckert, 21 Ariz. 28, 184 P. 1001, 7 A. L. R. 995; Hynding v. Home Acc. Ins. Co., 214 Cal. 743, 7 P. (2d) 999, 85 A. L. R. 13; George v. Employers' Liability Assur. Corporation, 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438; Indemnity Ins. Co. v. Davis' Adm'r, 150 Va. 778, 143 S. E. 328.

The defense predicated on the clause of the policy fixing the obligation of the Lexington-Hazard Express Company to give immediate written notice of the accident in which Dulaney was injured was not presented or considered in those cases.

The requirements of clause A of the policy confer a valuable right upon the insurance company. "The reason for [the condition requiring the assured to give immediate written notice of accident] is plain. The occurrence of an accident and injury, however slight, may result in litigation, even in protracted litigation. It is the experience of every defender of causes that it is a matter of first importance to become possessed of all material facts and of the names and residences of all known witnesses at the earliest possible moment, as facts may be forgotten or distorted and witnesses may go beyond reach." McCarthy v. Rendle, 230 Mass. 35, 119 N.E. 188, 189, L. R. A. 1918E, 111. "It is an important provision in that it is 'for the protection of the insurer against fraudulent claims, and also against those which, although made in good faith, are not valid.' " Id. "The occurrence of an accident and injury, however slight, if it may result in a legal liability to an employee of the insured, would necessarily involve an inquiry into the facts and circumstances which may make the insured liable. * * * In insurance of this character it is a matter of the first importance to the insurer, who may be forced to become the real defendant in a lawsuit against the insured, * * * to be speedily informed of all the facts and witnesses concerning a possible litigation. In a very little time the facts may, in a great measure, fade out of memory, or become distorted; witnesses may go beyond reach, physical conditions may change; and, more dangerous than all, fraud and cupidity may have had opportunity to perfect their work. Therefore this stipulation [requiring 'im-

mediate' written notice of accident] is vital to the contract.'' Travelers' Ins. Co. v. Myers, 62 Ohio St. 529, 57 N.E. 458, 459, 49 A. L. R. 760. In Southern Surety Co. v. Heyburn, 234 Ky. 739, 29 S. W. (2d) 6, we said:

> ''The object and purpose of this provision of the policy was to afford the company an opportunity to make an early and prompt investigation into the claim of loss or injury, not only to learn and ascertain the facts with respect thereto, but also to protect ·itself from a possible fraudulent and fictitious claim. If there be long delay this purpose of the contract may be wholly defeated, and the insurer deprived of the right to early information in reference to the merits of the claim. The facts may be concealed, witnesses scatter and disappear, rendering, a delaying investigation without substantial results.''

To the same effect, see Jefferson Realty Co. v. Employers' Liability Assur. Corporation, 149 Ky. 741, 149 S. W. 1011; Dennis Sheen Transfer v. Georgia Cas. Co., 163 La. 696, 113 So. 165; Howard v. Rowan (La. App.) 154 So. 382; Ætna Life Ins. Co. v. Walley (Miss.) 164 So. 16; Woolverton v. Fidelity & Cas. Co., 48 App. Div. 439, 62 N.Y.S. 1044; Mandell v. Fidelity & Cas. Co., 170 Mass. 173, 49 N.E. 110, 64 Am. St. Rep. 291; Lee v. Casualty Co. of America, 90 Conn. 202, 96 A. 952; Lewis v. Commercial Cas. Ins. Co., 142 Md. 472, 121 A. 259, 28 A. L. R. 1287; Heller v. Standard Acc. Ins. Co., 118 Ohio St. 237, 160 N.E. 707, affirmed 27 Ohio App. 405, 161 N.E. 360; Underwood Veneer Co. v. London Guar. & Acc. Co., 100 Wis. 378, 75 N.W. 996; Travelers' Ind. Co. v. Holiman (Miss.) 164 So. 36.

Provision K of the policy is no more than an agreement between the insurer and the insured that the insolvency or bankruptcy of the insured should not release the insurer from the payment of the damages for injuries sustained or loss occasioned during the life of the policy, and in case the judgment against the insured is not satisfied in an action brought by the insured because of such insolvency, then an action may be brought by the injured person or his personal representative against the insurer under the terms of the policy for the amount of the judgment that is not in excess of the limits of the policy. This agreement is not inconsistent with the rights of the insurer to exact

of the insured a compliance with clause A. The insolvency or bankruptcy of the insured does not nullify clause A. The parties thereto had the right to insert in the policy any provision they agreed upon, provided such was not unreasonable, illegal, or contrary to public policy. Glens Falls Ins. Co. v. Elliott, 218 Ky. 327, 291 S. W. 705; Standard Auto Ins. Ass'n v. Neal, 199 Ky. 699, 251 S. W. 966, 35 A. L. R. 1468; Haselden v. Home Ins. Co. of New York, 247 Ky. 530, 57 S. W. (2d) 459.

It is our duty in determining the liability of the company to Dulaney under its policy to give effect to all of its provisions, liberally construing them in favor of the insured. Ætna Life Ins. Co. v. Bowling Green Gas Light Co., 150 Ky. 732, 150 S. W. 994, 43 L. R. A. (N. S.) 1128. We are without right to add to or strike from the conditions of the policy. Fidelity & Cas. Co. of New York v. Bynum, 221 Ky. 450, 298 S. W. 1080; Brotherhood of Railroad Trainmen v. Wilkins, 257 Ky. 331, 78 S. W. (2d) 6.

It must be remembered that the contract in issue is one between two parties—the Lexington-Hazard Express Company and the Sun Indemnity Company—for the benefit of third parties of which clause A is one. While Dulaney had a right to sue on the policy, the rule in such case is, "one who sues on a contract made for his benefit must accept the contract as it was made." Equitable Life Assur. Soc. of United States v. Hall, 253 Ky. 450, 69 S. W. (2d) 977, 978; Kingsland v. Missouri State Life Ins. Co., 228 Mo. App. 198, 66 S. W. (2d) 959, 961. Under this doctrine Dulaney stands in the place of the insured and has no greater right than it. Downing v. Home Ind. Co. of New York, 169 Miss. 13, 152 So. 841; Adams v. Maryland Cas. Co., 162 Miss. 237, 139 So. 453; Travelers' Ind. Co. v. Holiman (Miss.) 164 So. 36.

Downing v. Home Ind. Co. of New York was a case where the facts were comparable to the present one. The court ruled that the insurer was not liable to the employee under an insolvent employer's policy for the protection of the employees, which inured to the benefit of the employees where the employer and employee failed to give notice of injury and claim as required by the policy.

From the inception of his injury, Dulaney immedi-

ately stood in the place of the insured as respects the policy and was entitled to equal rights thereunder with the insured, and it was his privilege and right under the policy to give notice to the insurance company of his injury without reliance upon the Lexington-Hazard Express Company to do so. Since neither he nor it gave any notice whatsoever under the provisions of the policy until after the expiration of a reasonable time in which to give it, the Sun Indemnity Company on this ground alone was entitled to a directed verdict.

Wherefore, the judgment is reversed, with directions to award a new trial consistent with this opinion.